## CARROLL v. GROSS et al.
### No. 1920.

Court of Civil Appeals of Texas. Beaumont.
March 12, 1931.

Rehearing Denied April 1, 1931.

King & Jackson, of Beaumont, for appellant.

Howth, Adams & Hart, J. L. C. McFaddin, and P. A. Dowlen, all of Beaumont, for appellees.

WALKER, J.

On June 5, 1928, an election duly called was held in the city of Beaumont submitting the issue, "Shall a commission be chosen to frame a new charter," and for the further purpose of electing from the city at large a charter commission of fifteen members to draft a new charter for the city. On June 12, the returns of the election were duly canvassed and the result declared showing 785 votes for and 782 votes against choosing the commission and the election of fifteen citizens to frame a new charter. Afterwards, within the time provided by law, and after filing his notice of contest, complying with the statute in all other respects, George W. Carroll duly filed his contest against the election and the returns as canvassed and declared. As contestees he named E. W. Gross, mayor, and the elected charter commission. Without stating the grounds of contest, it is sufficient to say he alleged facts sufficient, if found true, to annul the election. He undertook to qualify himself to bring this suit by the following allegations:

"That Contestant is a resident citizen and qualified voter of the City of Beaumont, in Jefferson County, Texas, and has been and is now a resident qualified voter of said City continuously for many years past; that Contestant is now and has been for many years past an owner of property, both real and personal, in the City of Beaumont, which property is subject to taxation by the City of Beaumont and is and has been for many years past rendered and assessed for taxation by the City of Beaumont."

Without quoting further from his petition on this issue, we say the allegations were sufficient to bring him within the reservation made by the Commission of Appeals to its opinion in City of Goose Creek v. Hunnicutt (Tex. Com. App.) 15 S.W.(2d) 227, 228. That case was a contest of an election adopting a new charter for the city of Goose Creek. The Commission of Appeals found, on the facts certified by the Galveston Court of Civil Appeals, that the contestant had no "interest, distinct from the general public, in the result of the election" which he undertook to contest, and on this fact, construing article 3069, R. S. 1925, concluded that he could not prosecute the suit. However, the following reservation was made against that conclusion:

"The certificate does not call for a decision as to the right or authority, in the premises, of a resident property holder whose property, as a result of said election, becomes subject to an increased taxing power in the governing body of the city. As to that question, we neither express nor imply an opinion."

As just stated, contestant brought himself within this reservation. Contestees fully an-

swered the contest by plea in abatement and general demurrer and by general and special denials, etc. The plea in abatement and general demurrer were urged on the ground that the petition on its face showed that contestant had no interest distinct from the general public in the result of the election and hence was not qualified to maintain the suit; in other words, that the contestant had not alleged facts showing his qualification to maintain the suit. When the case was called for trial, the court carried the plea in abatement and the general demurrer through the trial, hearing all evidence offered by both parties before ruling on these pleas. On the conclusion of the evidence contestees filed the following motion:

"Now comes the Contestees in the above numbered and entitled cause, and at the close of the evidence and move the court to dismiss said cause from the docket of the court for the reason that neither the pleadings nor the evidence shows that the Contestant has any interest in the subject matter sufficient to bring this suit, and because the pleadings and the evidence conclusively show that the Contestant is not qualified or authorized under the laws of this State to bring or maintain this suit, the pleading and the evidence among other things showing that Contestant brought the suit in his capacity as a citizen only and has no more interest in the subject matter of the suit than the public generally.

"Wherefore, Contestees pray the court that this cause be dismissed at plaintiff's cost, and that they go hence without day and recover all costs in this behalf expended for which they may have their execution."

The final judgment denying and dismissing the contest was as follows:

"On this the 9th day of May A D 1929, the above numbered and entitled cause came on for hearing and all parties appeared in person and by attorney and announced ready for trial subject to some exceptions by Contestees, which by agreement were carried over for future argument and after all evidence had been introduced the argument was postponed until the 17th day of May and on the 17th day of May came all parties by attorneys and announced that all argument should be postponed until the 24th day of May and on the 24th day of May came all parties by attorneys and the argument of counsel being heard the court is of the opinion that the law is for the Contestees and that their plea in abatement should be sustained, whereupon Contestant requested leave to amend, which was granted by the court and Contestant having amended, Contestees asked leave to file further exceptions, which leave was granted and such further exceptions duly filed, and the court having heard the further argument of counsel is of the opinion that the law is with the Contestees and that Contestees' general demurrer and exceptions to Contestant's Second Amended Original Petition and motion to dismiss should be sustained and Contestant's case dismissed.

"It is therefore ordered, adjudged and decreed by the Court that Contestees' general demurrer and exceptions to Contestant's Second Amended Original Petition and motion to dismiss be and the same are hereby sustained and that the suit of Contestant be dismissed and that the Contestees, E. W. Gross, Mayor of the City of Beaumont, Texas, S. W. Pipkin, J. L. C. McFaddin, C. W. Howth, W. A. Priddie, Oliver J. Todd, P. A. Dowlen, E. A. Fletcher, O. B. Sawyer, B. E. Quinn, W. L. Pondrom, C. A. Culmore, J. S. Maida, J. E. Broussard, A. Babin and J. M. Combs go hence without day and that they recover of Contestant, George W. Carroll, all costs in this behalf expended for which they may have their execution, to which judgment of the court Contestant duly excepted and in open court gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas at Beaumont, and Contestant is hereby allowed ninety days after adjournment of court to prepare and file his bills of exception, assignments of error and statement of facts."

Appellant prosecutes his appeal on two propositions.

First: "Contestant having alleged in his second amended original petition that he was a resident property holder, whose property as a result of the election sought to be contested, would become subject to increased or changed taxing power and would necessarily be subjected to increased taxation unless said election was contested, his special interest in the subject matter of the contest was shown which entitled him to maintain the same under the provisions of Articles 3069 and 3070, Revised Civil Statutes of 1925, and the trial court erred in sustaining contestees general demurrer thereto."

The second proposition merely summarizes the allegations of the trial petition, and concludes:

"It was, therefore, error for the Court to sustain contestees general demurrer to and motion to dismiss contestant's said second amended original petition and in dismissing said cause."

Contestees, by their first three counter propositions, simply bring forward their general demurrer and plea in abatement; that is, the contestant did not by his petition qualify himself to prosecute the contest. The fourth counter proposition is as follows:

"The record herein not showing that the Contestant introduced any evidence of any right or interest in himself in the result of the election sought to be contested different from any other person, nor any evidence of any right peculiar to himself being violated

by such election, and the election herein being a municipal election in which the public generally is interested, the appellate court must presume that the trial court properly sustained Contestees' motion to dismiss the petition."

No statement of facts is in the record.

## Opinion.

Appellant's two propositions, and appellees' first three counter propositions, present matters for review of peculiar public interest. The Galveston Court of Civil Appeals certified to the Supreme Court the case cited above because of the conflict in the holdings of the Supreme Court, as construed by the Galveston court, upon the rights of a citizen to maintain suits of the character of the one now before us. By its answer in that case the Commission of Appeals clearly decided that one cannot maintain this character of suit unless he has an interest in the result of the election distinct from the general public. The open question on this issue is now: What constitutes an interest in the election on the part of the contestant "distinct from the general public"? Appellant says he showed his qualification by alleging that he was a resident property holder of the city of Beaumont whose property, as a result of said election, became subject to an increased taxing power of the governing body of the city. Appellees deny that this allegation constitutes a legal qualification. It seems to be their argument that the contestant must not only allege an interest distinct from the general public as a body politic, but also distinct from the other resident property holders whose property, as a result of said election, would become subject to an increased taxing power of the governing body of the city.

■■ Upon a careful review of the brief of both parties and of the transcript, we have concluded that this question, as thus stated, is not before us for decision because of the ruling of the court on the motion to dismiss. In order to maintain his contest appellant rested under the burden not only of alleging his due qualification to maintain the suit but also of supporting his allegations by proof. Without a statement of facts before us we are not advised as to the character or sufficiency of the proof on this issue.

In addition to sustaining the general demurrer and exceptions to appellant's petition, the trial court also sustained the motion to dismiss filed after the closing of the testimony. One ground of the motion was that the evidence showed that contestant brought the suit in his capacity "as a citizen only and has no more interest in the subject matter of the suit than the public generally." Clearly, under the case cited supra, appellant was not even within the reservation made by the Commission of Appeals unless he showed by proof that he was a resident citizen of the city of Beaumont, owning property within the city which, as a result of the election, became subject to an increased taxing power in the governing body of the city. Even if the law was with appellant in his propositions, the court properly dismissed the suit if the required proof was not in evidence. In the absence of a statement of facts the law requires us to presume, in support of the judgment, that no proof on this issue was offered. It follows that the judgment of the court must be in all things affirmed, and it is accordingly so ordered.

Affirmed. ■■■