IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

March 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

MARK SCOTT SMITH               )   KNOX COUNTY
                               )   03A01-9411-CH-00413
        Plaintiff-Appellee     )
                               )
                               )
v.                             )   HON. SHARON J. BELL,
                               )   CHANCELLOR
                               )
FAITH HORNE SMITH              )
                               )
        Defendant-Appellant    )   AFFIRMED AND REMANDED


MICHAEL A. NOLAN OF KNOXVILLE FOR APPELLANT

MARK SCOTT SMITH, Appellee, Pro Se



O P I N I O N



                                        Goddard, P.J.



        Appellant Faith Horne Smith appeals a divorce decree entered by the Chancery Court for Knox County wherein she raises the following four issues:


        1.    Did the trial court err in the amount and term of alimony granted to Defendant.

        2.    Did the trial court err in the awarding of joint custody of the parties minor children rather than

allowing Defendant sole custody and/or the freedom to relocate with the children to another state with liberal extended visitation awarded to Plaintiff.

3. Did the trial court err in the dividing marital assets in such a manner that Defendant had little or no liquid assets to pay bills or attorney fees.

4. Did the trial court err in refusing to grant attorney fees to Defendant.

Appellee Mark Scott Smith in his reply brief also raises an issue:

Did the trial court err in refusing to modify the Referee's Opinion to reduce the temporary support paid to Defendant.

Our reading of the record and the Chancellor's finding of fact and conclusions of law persuade us this is an appropriate case for affirmance under Rule 10(a) of this Court.

Before concluding, we note that the trial court is accorded wide discretion as to the matters raised by Mrs. Smith in issues one, three and four.

We recognize that as to the first point raised in issue two, joint custody has been criticized by a number of our cases, i.e., Malone v. Malone, 842 S.W.2d 621 (Tenn. App. 1992); Dodd v. Dodd, 737 S.W.2d 286 (Tenn. App. 1987). However, we believe under the unique circumstances of this case, which are pointed out in the Chancellor's memorandum opinion, such an arrangement is appropriate. As to the second point raised in issue two, we also

2

believe, as may be inferred by our affirmance under Rule 10(a), that the evidence does not preponderate against the Chancellor's finding relative to relocating the children.

As to the issue raised by Mr. Smith relative to _pendente_ _lite_ alimony payments, it would appear his complaint is that Mrs. Smith over estimated her expenses at the hearing before the Referee, as shown by her testimony given at trial. We are disinclined to disturb the Referee's determination in light of the fact that the transcript of the testimony at that hearing is not part of the record and the further fact that Mr. Smith agreed for the most part to the amount awarded.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged one-half to the Appellant Faith Horne Smith and one-half to the Appellee Mark Scott Smith.

_____
Houston M Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.

3