IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**HELEN BOND SCOFIELD,**

    Plaintiff-Appellee,

                            Dyer Equity No. 93-513

Vs.                              C.A. No. 02A01-9512-CH-00276

**STEPHEN DAVID SCOFIELD,**

    Defendant-Appellant.

**FILED**

**November 5, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FROM THE CHANCERY COURT AT DYERSBURG
THE HONORABLE JOE G. RILEY, JR., JUDGE

L. L. Harrell, Jr., Harrell & Harrell of Trenton
For Plaintiff-Appellee

Marianna Williams, Ashley, Ashley & Arnold of Dyersburg
For Defendant-Appellant

*REVERSED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

       This case involves a petition for increase of child support. Petitioner, Stephen David

Scofield (Father), appeals from the trial court's order denying his petition to modify the parties'

final decree of divorce to increase child support payments by Respondent, Helen Bond Scofield

(Mother).

The parties were divorced by final decree entered April 21, 1994. They entered into a Marital Dissolution Agreement (MDA) which was approved and ratified by the trial court in the final decree of divorce. The parties have two children, a boy age 10, and a girl, age 7. Pursuant to the MDA, the trial court awarded joint custody to the parties. The MDA provided that Father would be the custodial parent, and Mother would have visitation rights. The MDA also provided that Mother would pay Father $250.00 per month in child support.

Father filed a petition to increase child support on February 1, 1995. The petition alleges that circumstances have materially changed because Father's income has been reduced by more than 15% and because Mother's income has increased materially. Father also avers that Mother is not providing adequate support and that present circumstances do not justify a deviation from the Child Support Guidelines. Father seeks to increase Mother's child support payments to an amount that is in compliance with the Child Support Guidelines promulgated by the Tennessee Department of Human Services. Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.01 *et seq.* (1989, revised 1994) (Guidelines).

In her Answer and Counter-Petition, Mother avers that there has not been a material change in circumstances and that Father's income was reduced by his voluntary actions. She also alleges that, pursuant to the MDA, Father owes her $10,000.00. Mother later filed a Supplemental Counter-Petition that alleges that there has been a material change in circumstances, and that she should now be designated as the custodial parent.

The trial court held a hearing on the petition on May 26, 1995. The pertinent facts developed at this hearing and from the technical record are as follows. Father was employed as an attorney by a law firm. In 1994, at the time of the divorce, his income was $60,030.00 per year. However, his compensation package with the law firm changed and he became dissatisfied. In February of 1995, Father voluntarily left the law firm and now practices law in a shared office with another attorney. He made $5,769.24 in early 1995 before leaving the firm. At the hearing, Father testified that he was only making approximately $1,000.00 per month, but that he expected it to rise to $1,300.00 per month. Father testified that the standard of living of the children has not changed since he left the law firm, and that he adequately provides and cares

for them.

Mother is employed by the State of Tennessee. In 1994, at the time of the divorce, her income was $33,262.00 per year. She received a raise and, at the time of the hearing, was making $107.00 more per month. Mother testified that she bought all of the children's clothing with the exception of some jeans, that she paid for most of the children's haircuts, and that she takes the children on vacations and trips. In addition, she testified that she regularly exercises her visitation rights.

The parties reached an agreement concerning the $10,000.00 debt owed by Father to Mother, and the trial court ruled that custody should not change. The only issue that remained for the trial court was the petition for an increase in child support. The trial court held that child support should not be increased. In a Memorandum Opinion filed May 30, 1995, the trial court stated that circumstances had not changed except for Father's voluntary career move, and that it was not appropriate to increase Mother's child support obligation because of Father's voluntary withdrawal from the law firm. Further, the trial court found that Mother's salary increase of approximately 3.7% was not significant enough to justify an increase in child support. The trial court also found that there was more than a 15% variance between the requirements of the Guidelines and the amount of support currently ordered. However, the trial court stated that the variance resulted from a previously ordered deviation from the Guidelines. The court found that the parties agreed to the original deviation although the final decree of divorce did not expressly provide for it.

Father perfected this appeal and presents only one issue for our review:
Whether the trial court erred in its denial of his petition for an increase in child support.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Child support in Tennessee is statutorily governed by T.C.A. § 36-5-101 (1996). Section 36-5-101(e)(1) provides that "[i]n making its determination concerning the amount of support of any minor child . . . of the parties, the court shall apply as a rebuttable presumption the child

support guidelines as provided in this subsection." Modification of an existing child support

order is controlled by T.C.A. § 36-5-101(a)(1) (1996), which states, in pertinent part:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a *significant variance*, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed. (emphasis added).

Father argues that there has been a material change of circumstances due to a decrease

in his income. This argument is without merit, because the "substantial and material change of

circumstances" test is no longer the proper standard for determining whether an existing child

support order should be modified. *Turner v. Turner*, 919 S.W.2d 340, 343 (Tenn. App. 1995).

In 1994, the General Assembly amended T.C.A. § 36-5-101(a)(1)(1991) thereby replacing the

"substantial and material change of circumstances" test with the "significant variance" test.

T.C.A. § 36-5-101(a)(1)(1994) (amending T.C.A. § 36-5-101(a)(1)(1991)); see *Turner*, 919

S.W.2d at 343 (discussing the amendment).

Father next argues that there is a significant variance between the requirements of the

Guidelines and the amount currently ordered, and that there has been no specific court ordered

deviation from the Guidelines and no written findings justifying deviation as required by T.C.A

§ 36-5-101(e)(1).

Currently, in Tennessee a "significant variance" is 15%. *See* Tenn. Comp. R. & Regs.

tit. 10, ch. 1240-2-4-.02(3); *Turner*, 919 S.W.2d at 343. In the case *sub judice*, the record shows

that Mother's gross income is $2,774.00 per month.[1] The Guidelines require that the court order

child support based upon the appropriate percentage of all *net* income. The record does not

clearly indicate the amount of Mother's net income. From her pay stubs, the net pay appears to

be approximately $1,772.00 per month. The appropriate percentage in this case is 32%,

mandating child support in the amount of approximately $567.00.[2] Although we cannot compute

---

[1] Mother testified that her income is $1,387.00 per pay period, and that there are 24 pay periods in a year.

[2] The Guidelines establish percentages based on the number of children. Child support for 2 children requires 32% of net income . The approximate amount of child

the exact numbers, we believe that the difference between what Mother was ordered to pay and the amount required by the Guidelines will still exceed 15% using her net income, and therefore, is a significant variance.

When a significant variance exists, the court must set support in accordance with the Guidelines unless application of the Guidelines would be "unjust or inappropriate" in the case. T.C.A. § 36-5-101(e)(1) (1996). If the trial court finds that application of the Guidelines would be unjust or inappropriate based upon the best interest of the children or the "equity between the parties," the court must make such a finding in writing and such writing shall "state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines." *Id*. T.C.A. § 36-5-101(e)(1) (1996) provides:

> In making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection. If the court finds that evidence is sufficient to rebut this presumption, the court shall make a written finding that the application of the child support guidelines would be unjust or inappropriate in that particular case, in order to provide for the best interest of the child(ren) or the equity between the parties. Findings that the application of the guidelines would be unjust or inappropriate shall state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines.

The statute also allows for the parties to reach an agreement concerning the amount of child support. The statute does not require that the parties' provisions for support meet the Guidelines in a MDA, as long as adequate provision is made for the children. Mother argues that the MDA is a result of a negotiated settlement between the parties where Father agreed to accept a lower amount of child support. However, for the agreement to be effective, the parties must adhere to the statute. T.C.A. § 36-5-101(h) (1996) states:

> Nothing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties as to support and maintenance of a party or as to child support. In any such agreement, the parties must *affirmatively acknowledge* that no action by the parties will be effective to reduce child support after the due date of each payment, and that they understand that court approval must be obtained before child support can be reduced, unless such payments are automatically reduced or terminated under the terms

---

support was calculated by multiplying Mother's approximate net income by 32%.

5

of the agreement. (emphasis added.)

In the instant case, neither the parties' MDA nor the final decree of divorce use the language contained in T.C.A. § 36-5-101(h), as that statute requires. Thus, the agreement does not effectively deviate from the Guidelines under T.C.A. § 36-5-101(h). Therefore, the deviation requires that the trial court make a written finding that the application of the Guidelines would create an unjust or inappropriate result. T.C.A. § 36-5-101(e)(1); *Malone v. Malone*, 842 S.W.2d 621, 624-25 (Tenn. App. 1992). No such finding was made at the time the final decree of divorce was entered. The trial court found that neither the MDA nor the final decree of divorce provided for the deviation from the Guidelines, but stated that it was apparent that the parties agreed upon the deviation in light of all the facts and circumstances. However, the General Assembly made express requirements for an agreement to be valid. T.C.A. § 36-5-101 (h)(1996). If there is no agreement, the court is required to make a written findings, and the record is devoid of any written findings that compliance with the Guidelines would be unjust or inappropriate.

For the reasons stated herein, we reverse the order of the trial court and remand this case. Upon remand, the trial court shall conduct an expedited hearing to determine Mother's net income and to modify the parties' final decree of divorce to comply with the Guidelines, or make a written explanation for its deviation. T.C.A. § 36-5-101(e)(1). All provisions for child support currently in effect shall remain in effect until the entry of another support order. Costs are assessed against the Respondent.

 

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**

6