IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 20, 2002 Session

## STEVEN ALLEN JAMESON v. KATRINA LINN REDMUND

**Appeal from the Chancery Court for Rutherford County**
**No. 97DR-453     Robert F. Corlew III, Chancellor**

**No. M2001-01108-COA-R3-CV - Filed August 28, 2002**

This is an appeal from the trial court's final order denying appellant's petition for a change of the sole care, custody and control of the parties' three minor children and the trial court's order denying appellant's alternative petition for an increase in visitation.  We hold that the trial court properly denied a change of the sole care, custody and control and properly denied appellant's alternative petition for increased visitation. Counsel for the appellee has petitioned this court for attorney's fees assessed for the hearings in the trial court and for attorney's fees in the immediate appellate case contending that the appeal is frivolous. We decline to award attorney's fees.

**Tenn. R. P. 3 Appeal as a Right; Judgment of the Chancery Court Affirmed; Motion for Attorney's Fees Denied.**

HAMILTON V. GAYDEN, Sp. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Charles G. Blackard III, Brentwood, Tennessee, for Appellant, Katrina Linn Redmund.

James Robin McKinney, Jr., Nashville, Tennessee, for Appellee, Steven Allen Jameson.

### OPINION

BACKGROUND

This is an appeal of the trial court's April 5, 2001 order dismissing the appellant's petition for change of the exclusive care, custody and control of the parties' three minor sons and  the trial court's dismissal of appellant's alternative petition seeking an increase in visitation with the parties' minor sons. The April 5, 2001 final order was the latest of several previous trial court decrees

following numerous bitter and hostile custody and visitation disputes between the parties. In this last court proceeding, the trial judge conducted a two day hearing and found that there was not a sufficient change of circumstances to warrant a change of the exclusive care, custody and control to the appellant; the trial judge also dismissed appellant's alternative motion for increased visitation rights. The trial judge rendered findings of fact and conclusion of law.

After numerous previous hearings involving disputes over custody and visitation issues, including one series of hearings lasting over thirty hours, the court issued extensive, multiple findings of facts and conclusions of law. The first findings of fact and conclusions of law were submitted in September 1998 after the first contested custody and visitation proceeding.

In the 1998 findings of fact and conclusions of law, the court found that the appellee/father was the better fit parent to be awarded sole care, custody and control of the parties' minor children with liberal visitation rights to the appellant/mother.

In the first findings of fact and conclusions of law, the court considered the ten prong factors set out in Tenn.Code Ann § 36-6-106 (1996). After considering the multitude of factors, most of which were cited by the trial judge as negatives directed respectively to both parties, the court granted the sole care custody and control to the appellee/father subject to liberal visitation rights with the appellant/mother. Among other considerations, the trial judge specifically referred to the physical health and mental health shortcomings of the appellant. In addition, poignantly, during the 1998 hearings the court also interviewed the parties' minor sons and considered their preferences as to who they wished to be the primary custodial parent.

As a result of this original custody decision, the court awarded the appellant liberal visitation rights including visitation periods tantamount to one half the summer and equal holiday visitation, every other weekend and other special times. The trial court's original findings of fact and visitation order were based on the premise that the visitation should be liberal, but circumscribed by the fact that the appellant had moved her residence to Michigan.

In the original findings of fact and conclusions of law the trial court also ordered that the appellant should be granted liberal visitation including "evenings during the week" should she return to the Murfreesboro area. The original final order was not appealed by either party.

After the original custody and visitation order was entered, disputes between the parties arose when in 2000 the appellant moved her residence back to the Murfreesboro area from Michigan.

The extent of "evening visitation during the week" became the primary focus for the first round of disagreements. Following a hearing in February 2000, the trial court ostensibly clarified the meaning and intent of the provision "evenings during the week" that was ordered in the original decree governing custody and visitation.

In the 2000 hearing, the trial court interpreted the original decree stating, "Now, frankly, evenings during the week, with all due respect, I don't think would mean every evening."

However, at that point the trial judge did not enter a formal ruling on the issue of what was intended by the proviso "evening visitation during the week", but instead ordered the parties to mediation. The mediation was unsuccessful.

The court has ordered mediation over issues of custody and visitation on several occasions in this litigious case. All of the attempts to mediate the parties differences over visitation and custody have failed.

The record is replete with court appearances and hearings and reflects the inability of the parties to agree on much of anything in reference to rearing their three sons. For instance, during another hearing in March 2000, the court received the insightful testimony of a psychotherapist, Katherine Rebecca Hill Taylor, who counsels with the three minor children particularly the two oldest sons. The expert testified in part:

> It is my opinion that the parents . . . . need joint therapy to help them to put aside their hostilities for the sake of the children and assist them in working together to co-parent the children that they brought into this world. If something like this cannot be worked out and it could require the children to be placed temporarily in a neutral residence in order for them to be out of harm's way, I would support such. The kids need a break. I sincerely hope that things may be resolved so that harassment and loyalty ploys will be halted and the boys can enjoy, very simply, childhood.

On April 3, 2000, the court entered its own parenting plan. The parenting plan provided appellant with a one evening visitation, but not overnight. The trial court filed another findings of fact and conclusions of law after this particular hearing.

Later, after another contested hearing on custody and visitation issues, the trial court entered an order which for the second time slightly modified the earlier parenting plan, providing the appellant with greater visitation rights, with the exception of the ongoing "evenings during the week" controversy. That order further refined and defined schedules including the physical transfer of the children, the parties not even being able to agree on how and where to transfer the three minor sons.

Still, another hearing on visitation ensued and the trial court again slightly modified the details of the visitation and associated matters.

In December 2000 and early 2001 the appellant, in a responsive pleadings to motions filed by the appellee, cross-petitioned the court for a change in the exclusive care, control and custody of the three minor sons, or alternatively for increased visitation rights. It is from this last proceeding that resulted in an order dated April 5, 2001 that appellant has appealed.

The court denied the petition for change of custody filed by appellant, keeping in place the previous parental planning order of April 3, 2000, as twice amended.

The final parenting plan contained in the October 17, 2000 order, as twice amended, is only a slight modification of the original 1998 custody and visitation decree, with the exception of the arguable difference in interpretation of what was meant by the provision "visitation during evenings during the week" contained in the July 1998 order and findings of fact and conclusions of law.

A primary example of the trial court's modification of the original decree relates to weekend visitation. The current October 17, 2000 parenting plan affords the appellant weekend visitation on alternating weekends as opposed to the original decree which provided for weekend visitation on the first, third and fifth weekends, the latter having led to uncompromising disputes between the parties.

The appellant's primary complaints with the trial judge's April 5, 2001 final order are that the trial judge did not give the proper weight to the evidence introduced during the 2001 hearings relating to the question of whether there had been a sufficient change of circumstances that support a change of custody; alternatively, the trial judge erred in not ordering the appellant increased visitation with the parties' minor sons as contemplated by the original decree which provided for "liberal visitation."

The appellant further complains about a perceived narrow definition of visitation with the parties' minor sons on "evenings during the week", which the court has restricted to one evening on Tuesdays (not overnight).

In the custody phase of the last hearing, appellant argues and relies on the factors enumerated in Tenn.Code Ann. § 36-6-106 (7) and (10) as the basis for the appeal. Appellant asserts that the testimony of the three sons at the last hearing reflects that they want to be under the sole, care and custody of their mother; the appellant further argues that the appellee was clearly shown to have been promoting false accusations of mental illness and false accusations of sexual impropriety, particularly with the parties' minor younger son.

At the hearing below, the appellant also raised the less significant issues relating to the parties' minor sons being at the appellee's house without supervision after school and also alleged that on occasions, the appellee was unable to leave work to tend to a medical condition of one of the sons.

On the issue of increased visitation rights, the appellant asserts that the original decree of divorce that provided for liberal visitation has been erroneously modified by the trial judge as a result of successive hearings and has deprived he mother of "liberal visitation" as originally contemplated in the original decree relating to custody and visitation.

Following the most recent two day hearing from which the appellant appeals, the court issued the following findings of fact and conclusions of law:

Since the time of the last hearing the major circumstances which have changed include the separation of Mr. Jameson and his current wife, and the filing of a divorce action between those parties; the proven scholastic progress of the children; evidence that at times the children, or one of them, has remained without supervision at the home; and the fact that Ms. Redmund is now working regularly as an educational assistant for the county school system.

. . . .

The court heard from each of the parties and each of the children. The break-up of Mr. Jameson's marriage would appear to be an unanticipated circumstance, but in fairness, none of the other circumstances appear to the court to have been unanticipated. . . . The emotional trauma of a divorce action, the ensuing bitterness between the parents and their frequent appearances in court, as well as the general inability of the parents to cooperate with each other and actively squabble on occasion in the presence of the children are all circumstances. . . .

. . . .

Considering all of the matters before the court, the court finds that insufficient circumstances have been demonstrated to the court to warrant a change of custody. Further, the court recognizes that the children in their testimonies clearly appear to love both parents, and wish to voice opinions which would be pleasing to both parents. The court finds no basis for upsetting the established schedule of time when the children spend every other weekend with their mother and a period of time after school on Tuesday with their mother and otherwise spend time with their father except for holidays and special occasions. Generally, and perhaps also in this case, stability is a virtue and decisions which cause the children to be with one parent one day and one parent the next day probably do not lead to the best academic environment.

The testimony and evidence introduced before the trial judge during the last two day hearing also included the testimony of the parties' three minor sons, evidence of false accusations of sexual misconduct made by the appellee, and accusations by the appellee conveyed to the minor sons that appellant is mentally ill
.

There was also evidence that both parties were in dire financial straits, including evidence of the appellee's bankruptcy and the appellant's partial dependence on her parents for substitence.

There was proof that both parties were guilty of having the minor sons at their home after school without supervision.

STANDARD OF REVIEW

The standard of review in this case is de novo on the record accompanied by a presumption of correctness of the findings of the trial court below. *Hass v Knighton*, 676 S.W. 2d 554, 555 (Tenn. 1984). In matters of divorce and child custody, trial courts are vested with broad discretion, and

appellate courts will not interfere with the trial court's decision except upon a showing of erroneous exercise of that discretion. *See Whitaker v. Whitaker*, 957 S.W. 2d 834, 836-837 (Tenn. Ct. App. 1997).

The appealing party must show that the evidence preponderated against the findings. *See Doles v. Doles*, 848 S.W. 2d 656, 661 (Tenn. Ct. App. 1992).

ANALYSIS

First, we address the issue of whether the court erred in not changing the sole care, custody and control to the appellant. The appellant alleges that there was a sufficient change of circumstances as reflected in the evidence at the last two day hearing and that the court erred in not changing care, custody and control to the appellant.

Appellant's allegations of change of circumstances involve three main areas: (1) the appellee has falsely accused her of sexual abuse of her three sons; (2) the appellee has portrayed her to the three children as being mentally ill; and (3) the three sons, in varying degrees, want to visit more often with her, and in the case of the youngest son, he wants to live with her.

Tenn.Code Ann. § 36-6-106 (7) and (10) (Supp. 1998) are cited by the appellant as the basis of her argument:

> In. . . . any. . . . proceeding requiring the court to make a custody determination. . . . determination shall be made upon the basis of the best interest of the child. . . .the court shall consider all relevant factors including the following where applicable:
> . . . .
> (7) the reasonable preference of the child, if the child is 12 years of age or older; the court may hear the preference of a younger child upon request. . . .
> . . . .
> (10) Each parent's past and potential for future performance of parenting responsibilities, including the willingness of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.

In applying Tenn. Code Ann. § 36-6-106 (10) (Supp. 1998), the appellant cites to the testimony reflecting that the appellee continuously accuses the appellant of sexual misconduct especially with the youngest son. Further, appellant alleges that the appellee accuses her of being mentally ill in the presence of the three minor sons.

Curiously, the appellee, at the last hearing stipulated that the accusation of sexual misconduct on part of the appellant was untrue. While this court takes a dim view of this type of false accusation, this court notes that the trial court below has ruled previously on the motives of the appellee for

-6-

making these accusations at earlier times, and the court has found in previous findings of fact that the accusations were not made in bad faith.

The appellee alleges that the appellant's misbehavior relates to allowing the sons to watch questionable videos and television programs such as the "Jerry Springer" show. The accusations are not of a sexual physical nature between the appellant and the children and do not appear to be a significant factor in the decisions of the trial judge.

The trial court's factual determination involving witness credibility will be given great weight on appeal. *See Barnhill v. Barnhill*, 826 S.W.2d 443, 448 (Tenn. Ct. App. 1991). We find no error in the trial court's finding that the accusations were not made in bad faith.

The appellant complains that the trial court did not give sufficient weight to the issue of the appellee accusing the appellant of mental illness in front of the children. The record again reflects that in earlier hearings the trial judge found as a fact that appellant was shown to be suffering from mental illness. There was previous testimony from Dr. William Kenner to the effect that appellant is suffering from depression. While the trial court has found as a fact that the appellant's mental condition has improved considerably, the trial court has also previously found as a fact that the accusations of mental illness made by the appellee were not made in bad faith. We find no error in the trial court's ruling that the accusations of mental illness were not made in bad faith.

Tenn. Code Ann.§ 36-6-106 (7) (Supp. 1998) is applicable to the testimony of the three minor sons at the last hearing. A review of the record does not reflect that the two older sons asked the court to change custody. While the youngest son does equivocate on the desire for change of custody, the two older sons do not, and we find no error in the trial judge's findings of fact to the effect that all three sons tend to say favorable things about each parent.

There are no hard and fast rules for determining when a change of circumstances will be deemed material. *See Taylor v. Taylor*, 849 S.W.2d 319, 327 (Tenn. 1993). Generally, a material change of circumstances to support a decree for a change of custody must involve the minor children's circumstances, not the circumstances of both of the parents. A change must be mandated from facts or circumstances (1) that have arisen after the entry of the custody order sought to be changed, *see Turner v. Turner*, 776 S.W. 2d 88, 90 (Tenn. Ct. App. 1989), (2) that were not known or reasonably anticipated when the underlying decree was entered, and (3) that affects the children's well being in some material way. *See Dalton v. Dalton*, 858 S.W.2d 324, 326 (Tenn. Ct. App. 1993).

In child custody cases, the primary concern of the court is to determine what custodial arrangement will be in the best interest of the child. *See Malone v. Malone*, 842 S.W.2d 621 (Tenn. Ct. App. 1992).

The court does not find any error in the trial judge's ruling that there was not a sufficient change of circumstances to warrant a change of sole care, custody and control from the mother to the father.

This court next addresses the issue of whether the court erred in not granting "liberal visitation" as referred to in the original 1998 custody and visitation order, and also whether the court erred in ordering visitation for one evening when the original decree cited that the appellant, if she returned to Murfreesboro, would be entitled to visitation on "evenings during the week". The trial court's implemented parenting plan defines "evening visitation during the week" to allow just one evening during the week (not overnight).

On the flip side, the current parenting plan provides appellant liberal visitation for specific periods during holidays and summer as well as visitation on other special occasions. Through additional and thoughtful consideration by the trial judge, appellant's overall visitation rights have actually been expanded from the original decree and the first parenting plan, the latter having been amended twice.

Nevertheless, the appellant argues that "liberal visitation" was meant to include "evenings during the week visitation", that this provision was erroneously modified by the trial judge in the original parenting plan as twice amended, and thus deprives the appellant with "liberal visitation" rights as contemplated.

We are of the opinion that the trial court's interpretation of "liberal visitation" and "evenings during the week" are compatible and reasonable. While the court's interpretation of "evenings during the week" is narrower than appellant wishes, the court's "hands on" changes in specific visitation to the benefit of the appellant is equally broad.

The details of custody and visitation with the children are particularly within the broad discretion of the trial judge. Accordingly, a trial court's decision on visitation will not ordinarily be reversed absent some abuse of discretion. *Eldridge v Eldridge*, 42 S.W. 3d 82, 87 (Tenn. 2001).

We find no abuse of discretion and recite the portion of the trial judge's finding of facts stating ". . . . this conclusion that the minor sons should have academic stability that may not be fostered by liberal visitation during the school days." This is the obvious matrix for the court restricting "evenings during the week" and it is reasonable.

Lastly, the appellee has petitioned this court for attorney's fees for the legal expenses associated with this appeal citing Tenn. Code Ann. § 27-1-122, arguing that this appeal is frivolous. Appellee also petitions this court to award attorney's fees in defending the interests of the children pursuant to Tenn. Code Ann. § 36-5-103 (c). The court has considered the requested attorney's fees and declines to grant a fee. However, the court does note that the voluminous record in this case appears to be full of redundant accusations, needless court appearances and apparent vexatiousness on both of the parties . We are confident that the trial court below will consider awarding attorney's fees when appropriate in the future as a result of needless litigation.

CONCLUSION

We hold that the trial judge did not err in denying appellant's petition for change of custody and control of the parties' minor children and that the trial court did not abuse its discretion in denying the appellant's petition for increased visitation. Costs are taxed to the appellant.


_____
HAMILTON V. GAYDEN, JR.