HOLLOWAY *v.* BRADLEY *et al.*

(*Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

JOHN D. MARTIN JR., of Memphis, for complainant.

A. C. MUIR, of Memphis, for defendant.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This record presents a controversy over the guardianship and custody of a minor, Robert K. Bradley, who was eight years old on July 26, 1949.

In October, 1947, the father, James F. Bradley, who has filed petition for certiorari, secured a divorce from wife on the grounds of desertion. The Respondent, Mrs. Ruth M. Holloway, the maternal grandmother, had the care and custody of the little boy during the separation of the parents, and at the time of the divorce, she filed a petition in the Probate Court of Shelby County for

the adoption of the little boy, or in the alternative, she sought to be appointed his legal guardian and given his exclusive custody. The father resisted the petition of Mrs. Holloway. The mother also resisted her mother's petition in the Probate Court, and sought custody of her two sons, but the mother has perfected no appeal from the adverse decree of the Probate Judge in the Trial Court.

It appears from the record that the father, James F. Bradley, is a practicing physician; that he is a man educated and skilled in his profession; that after practicing medicine for a number of years he became an alcoholic; lost his practice and was finally adjudged *non compos mentis*, and for several months committed to the Western State Hospital at Bolivar. From that institution, he was released as cured on May 10, 1946, and on August 4, 1947, his disabilities were removed and he was adjudged sane in the Probate Court of Shelby County. Since his release from the hospital he has resumed the general practice of medicine at Rosemark in Shelby County, and entirely abstained from the use of alcohol. On December 9, 1947, he remarried and established a home at Rosemark, where he is living with his wife and oldest son, James F. Bradley, Jr., a boy about 13 years of age, whose exclusive custody is in the father. Since 1947, Dr. Bradley has regained the confidence and respect of the people of the community in which he lives and practices medicine, and is financially well able to support his two sons. His present wife is in all respects a suitable person for the care and control of the two boys and is willing and anxious to have them in her home.

No one questions that the Respondent grandmother is a suitable person to have the custody of the little boy, and that since he was left with her by his mother, she has, with the aid of another daughter, been affording him every care and attention. Indeed, in reaching his decision, the Judge found that she had been both "mother and father to this child, she has cared for him, loved him, and is now educating him."

After a number of continuances and amendments to pleadings, on June 2, 1948, the Probate Judge finally heard and decided the grandmother's petition. He refused to permit the adoption of the little boy by the grandmother, but appointed her guardian and awarded her exclusive custody of Robert K. Bradley, and in so doing, the Judge said this:

". . . the Court is not satisfied that abstaining from drinking by the father since May, 1947, and conducting himself as a proper citizen for that period of time is sufficient to warrant a change at this time. The Court feels and hopes that Dr. Bradley has control of himself to the point that he will never again take a drink of intoxicating liquor, but his good conduct for a period of one year after his despicable conduct for over ten years, is hardly long enough to have this Court say that his child should be removed from a good Christian home and environment, and take a chance with Dr. Bradley."

From this language of the Trial Judge, we can but infer that he did not consider that the award of custody of the grandmother was a finality. His language was an invitation to the father to file a subsequent petition, and his admonitions were in effect, a probation of the father to remain on his good behavior, with an implied promise that if he did so remain on his good behavior

that the Probate Judge would reconsider the matter of custody of the minor, Robert K. Bradley.

Accordingly, on August 28, 1948, the father, Dr. Bradley, filed a further petition in the cause in which he sought to have the grandmother discharged as guardian, and to have himself appointed guardian and awarded the exclusive custody of the minor. He alleged that the school at Rosemark was about to open, and that he desired that his two sons should enter the school together; that acting on the Judge's admonition, he had continued to remain sober and abstain from alcohol, and had assiduously continued to associate with the younger son, visiting him and bringing him home for association with his older brother. This petition was met by an answer by the grandmother in which she pleaded *res adjudicata* on account of the former decree, and the mother, who has remarried and is now Mrs. Margaret Holloway Ramsey, also filed an answer and cross-petition in which she sought custody of her two sons. The decree made by the Probate Judge on these pleadings is the basis for the present appeal and petition for certiorari. By the decree entered by the Probate Judge on September 29, 1948, he found that the mother was not a suitable person to have the custody of the two boys; that the plea of *res adjudicata* interposed by the grandmother, was not valid; that the father had shown exemplary character since the entry of the former decree, and had continued to live a life of sobriety and industry; had shown an affectionate regard for his younger son; and that it was to the manifest interest of the minor that he should be in the custody of the father, and reared by him in company with his older brother. Accordingly, by the decree the grandmother was removed as guardian,

and she was directed to surrender custody of Robert K. Bradley to his father. From this decree of September 29, 1948, both the grandmother and the mother perfected appeals to the Court of Appeals, and that Court, on the sole ground that the plea of *res adjudicata* interposed by the grandmother was valid, reversed the decree of the Probate Judge and restored custody of the minor to the grandmother on the basis of the former decree of June 2, 1948.

The line of authorities upon which this action of the Court of Appeals is based is to be found in the decisions of *Hicks* v. *Hicks et al.*, 26 Tenn. App. 641, 176 S. W. (2d) 371; *State ex rel.* v. *West*, 139 Tenn. 522, 201 S. W. 743, Ann. Cas. 1918D, 749; *Kenner* v. *Kenner*, 139 Tenn. 211, 201 S. W. 779, L. R. A. 1918E, 587. We have no quarrel with the rule made in those cases and approve it. It is well established that when an award of custody of a minor is made which has no restriction or limitation, that it is a final decree and will support a plea of *res adjudicata*, and that to justify a further petition, there must have been such a change in the condition and circumstances of the parties which directly affect the welfare and well-being of the minor, that such change will justify the petition for a new award of custody. Only the father, Dr. James F. Bradley, has filed petition for certiorari to have us review the decision of the Court of Appeals. We granted that petition and have heard argument.

Construed in the light of the remarks of the Probate Judge made at the time of its entry, the decree of June 2, 1948, did not embody a final award of custody. On the contrary, the Probate Judge invited the father to continue his life of sobriety and implied if he did so, the question of the custody of the minor son would be recon-

sidered by the Court. The Probate Judge said in the language that we quote above, that good behavior for one year was hardly long enough to warrant a conclusion that the Doctor was permanently cured. Thereafter, the Probate Judge said and found in entering his decree on the Doctor's petition of August 1948, which decree was entered as of the 29th day of September 1949, "that Dr. James F. Bradley, Sr. has continued to conduct himself in an exemplary manner." From the written opinions of the Probate Judge filed in June 1948, and in September 1948, and the decrees which accompanied these opinions, it is manifest that the change in circumstances and conditions of the parties which justified a new decree and a new award of custody, was the fact that by continuing his sobriety and good behavior, the Doctor had convinced the Probate Judge that his cure from alcoholism was permanent. In June the Probate Judge said that he was not so convinced, but in September, with the Doctor's good behavior continuing, the Probate Judge said emphatically that he was convinced.

■■ The determining facts in these adoption and custody cases are so infinite in their variety that the reported decision in one case is of little aid or assistance in settling the next. The supreme rule to which all others should yield is the welfare and best interest of the child. In the present case it is manifestly to the best interest and welfare of Robert K. Bradley that he be reared in a normal home with the influence and association of a sober father and the comradeship of an older brother, and we feel that any technicality of pleading should be made to yield to effect that result.

"The relations which exist between the parent and child are sacred ones and have their foundation in nature,

and the affection existing between them is stronger and more potent, and affords a greater protection to the child, than any relation which could be created by association merely. The right to the society of the child exists in its parents; the right to rear it, to its custody, to its tutorage, the shaping of its destiny, and all of the consequences that naturally follow from the relationship are inherently in the natural parents, and they cannot be deprived of these rights without notice, and upon some ground which affects materially the future of the child. 1 R. C. L., 607, and cases cited in the notes.'' In re Knott, 138 Tenn. 349, 355, 197 S. W. 1097, 1098.

For the reasons stated, the decree of the Court of Appeals is reversed and that of the Probate Judge affirmed.

All concur.