WILLIAM BARRY MARTIN,           )
                                )
        Plaintiff/Appellee,     )
                                )        Davidson Fourth Circuit
                                )        No.  93D-3800
VS.                             )
                                )        Appeal No.
                                )        01-A-01-9505-CV-00222
MARNY ANNE MARTIN,              )
                                )
        Defendant/Appellant.    )

FILED

Oct. 25, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE FOURTH CIRCUIT COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE MURIEL ROBINSON, JUDGE



LESLIE BARRETT KINKEAD
207 Third Avenue, North
Third Floor
Nashville, Tennessee  37201
ATTORNEY FOR PLAINTIFF/APPELLEE



KATHRYN G. BRINTON
43 Music Square West
Nashville, Tennessee  37203
ATTORNEY FOR DEFENDANT/APPELLANT


AFFIRMED AND REMANDED

                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

WILLIAM BARRY MARTIN, )
           )
  Plaintiff/Appellee,  )
           ) Davidson Fourth Circuit
           ) No.  93D-3800
VS.         )
           ) Appeal No.
           ) 01-A-01-9505-CV-00222
MARNY ANNE MARTIN,  )
           )
  Defendant/Appellant. )

O P I N I O N

In this divorce case, the defendant/wife has appealed from that portion of the divorce decree which granted to the plaintiff/husband sole custody of the daughter of the parties, aged 4 1/2 years at the time of judgment, 5 years at the present time.

The judgment contained an extensive schedule of visitation which is not challenged on appeal.

The sole issue on appeal is whether the evidence preponderates against the finding of the Trial Court that:

> It is in the best interest of the minor child, Aimee Martin, that sole custody and care shall be awarded to Mr. Martin.

The findings of the Trial Court also include the following:

> It is further ordered, and the Court affirmatively finds, that both parties are fit persons for the Court to consider as custodians of the minor child, Aimee Martin.  Both have helped substantially in raising the minor child and both parties have adequate parenting skills.

This suit was filed on October 18, 1993.  From October 17, 1993 until December 22, 1993, the father had physical possession of the child.  On December 22, 1993, the Trial Court ordered alternating custody with each party having the child for thirty days at a time.  This arrangement continued until December 19, 1994, when exclusive custody was committed to the father with extensive visitation by the mother.

It appears that the distinction between the desirability of the parents as custodians rests in their respective lifestyles.

From March, 1994, until the hearing on December 7, 1994, the mother was involved in a relationship with an individual who had been convicted of selling cocaine to undercover police officers on three occasions. The mother testified that she visited and spent the night in the home of said individual two or three times a week, that the child had spent the night at the home of said individual five or ten times, that she did not intend to continue to spend the night with said individual because she had been told that it was not in the best interests of the child, but that she intended to continue her relationship with the individual.

The mother also testified that she was employed, that she resided with her mother, but planned to move out to a separate apartment near her mother's home so that her mother could help her with the child.

The mother of the defendant testified she would be glad to help and that she works a twelve hour night shift.

The father has been married previously and has two other children with whom he has visitation. Subsequent to the separation, he had a brief sexual relationship with another woman with whom he visited once in a park in the company of his two older children. Since the separation, the father has resided with his step-mother who is not employed and who cares for his daughter in his absence.

Custody decisions are reviewed by this Court *de novo* upon the record with a presumption of the correctness of findings of fact unless the evidence preponderates otherwise. T.R.A.P. Rule 13(d), *Dalton v. Dalton,* Tenn. App. 1993, 858 S.W.2d 324.

The welfare and best interests of the child are paramount in the determination of child custody which must turn upon the particular facts of each case. *Holloway v. Bradley,* 190 Tenn. 565, 230 S.W.2d 1003 (1950).

Custodial fitness is a comparative matter. *Malone v. Malone,* Tenn. App. 1992, 842 S.W.2d 621; *Edwards v. Edwards,* Tenn. App. 1973, 501 S.W.2d 283.

Sexual infidelity or indiscretion does not *ipso facto* disqualify a parent for custody. *Sutherland v. Sutherland,* Tenn. App. 1991, 831 S.W.2d 283.

When any activity affects the quality of care and nurturing received by a child, that activity is proper for consideration on the issue of custody. *Mimms v. Mimms,* Tenn. App. 1989, 780 S.W.2d 739.

The evidence does not preponderate against the finding of the Trial Court that the best interests of the child require that she be in the custody of her father.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE