IN THE COURT OF APPEALS

FILED

October 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

DEBRA JEWELL YOUNG FORD,      )      BRADLEY CHANCERY
                             )      C. A. NO. 03A01-9606-CH-00197
                             )
      Plaintiff-Appellee      )
                             )
                             )
                             )
                             )
                             )
vs.                          )      HON. EARL H. HENLEY
                             )      CHANCELLOR
                             )
                             )
                             )
                             )
                             )
DENNIS CLIFFORD FORD,        )      AFFIRMED AND REMANDED
                             )
      Defendant-Appellant     )


STEPHEN DAVIS CRUMP, Chancey, Kanavos & Crump, Cleveland, for Appellant.


ROGER E. JENNE, Jenne, Scott & Bryant, Cleveland, for appellee.


O P I N I O N


McMurray, J.


This appeal arises from the judgment of the trial court which, among other things, awarded a divorce to the defendant, provided

for custody of the parties' minor children and made a division of the marital estate. We affirm the judgment of the trial court.

The appellant has presented two issues for our consideration:

1. Did the chancellor err in awarding Mrs. Ford three annual payments of fifteen thousand dollars as a portion of marital property when the payments would have to be paid from Dr. Ford's future income?

2. Did the chancellor err in awarding custody of the parties' three minor children to Mrs. Ford where the evidence established that she was suffering from a mental condition that, according to the proof, required extended in-patient treatment, and that she had left the children with various baby sitters on several occasions in order to carry on two extramarital affairs?

Our review of the case is de novo upon the record, accompanied by a presumption of the correctness of the findings of fact by the trial court, unless the preponderance of the evidence is otherwise. Rule 13(d), T.R.A.P. No presumption attaches to conclusions of law. See Adams v. Dean Roofing Co., 715 S.W.2d 341, 343 (Tenn. Ct. App. 1986).

As to the first issue, the court in its memorandum opinion makes the following statement: "This court also awards cash installments for a period of three years at $15,000.00 per year. This payment is deemed a portion of the assets and is not to be construed as alimony in futuro or in solido." The appellant claims

2

that this award is an improper division of property in that the installment awards must be paid out of future income.[1]

We agree that an award from future income is an improper method of dividing marital assets in a divorce case. T.C.A. § 36-4-121(b)(1)(A) defines marital property as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce ..." Clearly, future income does not fall within the definition of marital property.

In our disposition of this issue, however, we must note that the issue is framed inaccurately. The issue as stated is based upon the assumption that the installments must be paid from future income. This is an incorrect assumption. It appears from the record that the total award to the appellant is valued in excess of $360,000.00, including his retirement plan valued at approximately $300,000.00 and cash of approximately $15,816.00. It is clear that the appellant has in his portion of marital assets, sufficient liquid assets to pay $45,000.00 to the appellee immediately. Therefore, we do not consider the award as an award that must be paid out of future earnings but simply a delayed transfer of assets. We are not privy to the court's reasoning in ordering that

---

[1]No issue is made as to the amount of the award but only the method of payment.

3

the award be paid in annual installments. It may or may not be advantageous from a tax viewpoint to pay the award in annual installments. In any event the $45,000.00 award is, without question, intended by the trial judge as a part of the division of present marital assets. The appellant is not required to distribute that part of the marital assets to the appellee in lump sum He may make the distribution in installments or he may pay the distribution immediately. We find no merit in this issue.

We will next turn our attention to the issue regarding custody of the parties' minor children. As noted, custody was given to the mother. The appellant insists that the father is the more fit parent to have custody of the children. In considering this issue, we must bear in mind that in nonjury cases where the trial judge saw and heard the witnesses and observed their manner and demeanor on the stand, he was in a much better position to judge the weight and value of their testimony than we. Decisions by the trial judge regarding the credibility of witnesses are entitled to great weight on appeal. Wilder v. Wilder, 863 S.W.2d 707, 713 (Tenn. App. 1992). Where the evidence is conflicting, the weight and credibility of the testimony is for the finder of fact, and the finding of the Trial Judge in this respect, a nonjury matter, will not be disturbed on appeal unless real evidence compels a contrary conclusion. See Schlater v. Haynie, 833 S.W.2d 919 (Tenn. App.

4

1991).  This principle has long been applied to child custody cases.

In child custody cases, the welfare and best interest of the child is the paramount concern, and the determination of the child's best interest must turn on the particular facts of each case. Holloway v. Bradley, 190 Tenn. 565, 230 S.W.2d 1003 (1950).

It is not necessary to find that one parent is unfit in order to award custody to the other parent. Where both parents are found to be fit this Court has resorted to a comparative fitness test, Bah v. Bah, 668 S.W.2d 663 (Tenn. App. 1983), in which, considering all the relevant circumstances, the Court places the principal responsibility for rearing the minor child with the person most fit to bear that responsibility. Id. at 666.  It can be inferred from the trial court's memorandum that the court applied the comparative fitness test as set out in Bah, supra.  Neither parent was found to be unfit and the court determined that the best interests of the child required custody to be given to the mother.

There is evidence in the record that both parties suffer from some problems.  A therapist, Mr. Ronald Ashley testified that he had counseled with the appellant, the appellee and the two older children.  He testified that in his opinion the appellee suffered from depression and had an eating disorder, bulimia nervosa.  In addition, he testified that the appellee was a "love addict."  He

5

described "love addict" as "someone who, when they're in a relationship, tries to get unconditional positive regard from the person who they're in the relationship with to the exclusion of taking care of themselves within a relationship ... ." He further testified that the appellant suffered from "major depression."

Dr. Janet Snoddy, a physician, testified that she was well acquainted with the appellee on a social rather than a professional basis and had been a neighbor. She described, from her personal observations, the way and manner in which the appellee fulfilled her role as a parent. She was very complimentary and stated that the appellee had a very close relationship with her children. She further related that the appellee was a fit and proper person, in her opinion, to be a custodial parent. She made no derogatory statements concerning the appellant as a custodial parent. She stated that the appellant spent less time with the children because he worked.

The appellant insists that the appellee was deficient as a custodial parent because she left the children with babysitters. Mr. Lockhart, an investigator for the appellant testified that he had kept the appellee under surveillance for some four hundred hours. He testified that the appellee did use babysitters frequently, however, there is nothing in the record to indicate

6

that the babysitters were inappropriately used.  He further testified on cross examination as follows:

Q. And isn't it true and did you not tell me in the deposition, Mr. Lockhart, that during all of these hours of observation and surveillance, you never saw any inappropriate conduct out of this lady insofar as —or any inappropriate conduct at all?

A. No extra-marital affairs whatsoever.

Q. No inappropriate conduct was what I asked you in deposition and that's what you told me.  Is that not true, sir?

A. Well, I think at that time you were referring to extra-marital affairs, and that's true.

Q. Well, did you see any inappropriate conduct out of this lady during this three or four hundred hours of surveillance?

A. That's a matter of opinion.  I personally consider, you know, leaving the children alone for long periods of time with babysitters.

Q. That's what you saw and that's what you're here to testify to.

A. Right.  You know, that would just be my opinion, Mr. Jenne.

Q. Now isn't it true, Mr. Lockhart, that you don't know if the person in the house was a babysitter or housekeeper?

A. Correct.

There is no evidence in the record that the babysitters or housekeepers were inappropriate persons to supervise the activities of the children.  The investigator testified that over a six-month period his only observation of inappropriate conduct was that the

7

appellee was away from her children more than he thought was appropriate.

There was further testimony elicited that the appellant had a very close relationship with his children. There is no suggestion that the appellant would not have been an appropriate custodial parent.

Comparing the fitness of the two parents is a function that is peculiarly within the province of the trial judge. He was present during all the proceedings, heard all the testimony, saw all the witnesses and judged their credibility. He thereafter determined that the mother, the appellee here, should be the custodial parent.

The presumption of correctness which ordinarily attaches to the trial judge's findings in a bench trial applies to issues of child custody. Bah v. Bah, supra; Scarbrough v. Scarbrough, 752 S.W.2d 94 (Tenn. App. 1988). Additionally, trial courts are vested with wide discretion in matters of child custody and reviewing courts will not interfere except upon a showing of an abuse of discretion. Grant v. Grant, 39 Tenn. App. 539, 286 S.W.2d 349 (1954). We should note parenthetically, that an "abuse of discretion" standard is not included in the standard of review as found in Rule 13(d) of the Tennessee Rules of Appellate Procedure. However, when there is sufficient evidence to do so, the court may

8

determine that, based upon the material evidence, abuse or absence of abuse of discretion may be determined as a matter of law. In this case we find no abuse of discretion. We find no reversible error in granting custody of the children to the appellee.

In this case the appellee has filed a motion to dismiss this appeal based upon our decision in <u>Cobb v. Beier</u>, an as yet unreported opinion of this court by Judge Franks, opinion filed July 3, 1996, wherein it was held that a failure to file a notice of appeal with the appellate court clerk was a fatal defect. In view of our disposition of this case, the issue is moot. We, therefore, decline to rule on the motion.

This case is affirmed in all respects. Costs are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

_____
Don T. McMurray, J.


CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge


9

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| DEBRA JEWELL YOUNG FORD, | ) | BRADLEY CHANCERY |
| | ) | C. A. NO. 03A01-9606-CH-00197 |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. EARL H. HENLEY |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DENNIS CLIFFORD FORD, | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendant-Appellant | ) | |

## ORDER

This appeal came on to be heard upon the record from the Chancery Court of Bradley County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

This case is affirmed in all respects. Costs are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

PER CURIAM