## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FERRIS E. WATSON,  )
           )
  Plaintiff/Appellant,  )  Appeal No.
           )  M1999-02527-COA-R3-CV
vs.         )
           )  Stewart Chancery
LYNN ROSE WATSON  )  No. 97-8-110
           )
  Defendant/Appellee.  )
           )

**FILED**

**February 1, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT
FOR STEWART COUNTY

THE HONORABLE LEONARD MARTIN PRESIDING

MARKLEY RUNYON GILL
P.O. BOX 445
ERIN, TENNESSEE

ATTORNEY FOR PLAINTIFF/APPELLANT

TROY L. BROOKS
2050 FORT CAMPBELL BOULEVARD
CLARKSVILLE, TENNESSEE 37042

ATTORNEY FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED**

PATRICIA J. COTTRELL, JUDGE

CONCUR:

CANTRELL, P. J.
KOCH, J.

# MEMORANDUM OPINION[1]

This case involves a dispute over custody of two children upon their

parents' divorce. The trial court awarded custody to Lynn Rose Watson

---

[1]See Tenn.Ct.App.R.10(b).

("Mother") with visitation to Ferris E. Watson ("Father"). Father appeals, claiming he is comparatively the better parent. We affirm the award of custody to Mother.

## I.

Our courts make no more important decisions than those involving the custody of children. When called upon to order a custody arrangement, a court must consider many factors and make a custody determination based on the best interest of the children. *See* Tenn. Code Ann. § 36-6-106 (Supp. 1999) (listing the factors for the court to consider).

In child custody cases, the welfare and best interest of the children are the paramount concern, and the determination of the children's best interest must turn on the particular facts of each case. *Akins v. Akins*, 805 S.W.2d 377, 378 (Tenn. Ct. App. 1990) (citing *Holloway v. Bradley*, 190 Tenn. 565, 570-72, 230 S.W.2d 1003, 1006 (1950)). In *Holloway*, the Court stated:

> The determining facts in these adoption and custody cases are so infinite in their variety that the reported decision in one case is of little aid or assistance in settling the next. The supreme rule to which all others should yield is the welfare and best interest of the child.

*Holloway*, 230 S.W.2d at 1006.

Where, as here, both parents seek custody, this court has held that the child's best interest is to be determined by using an analysis of the comparative fitness of each parent. *See Bah v. Bah*, 668 S.W.2d 663 (Tenn. Ct. App. 1983).

> We adopt what we believe is a common sense approach to custody, one which we will call the doctrine of "comparative fitness." The paramount concern in child custody cases is the welfare and best interest of the child. *Mollish v. Mollish*, 494 S.W.2d 145, 151 (Tenn. App. 1972). There are literally thousands of things that must be taken into consideration in the lives of young children, *Smith v. Smith*, 188 Tenn. 430, 437, 220 S.W.2d 627, 630 (1949), and these factors must be reviewed on a comparative approach:
>
> > Fitness for custodial responsibilities is **largely a comparative matter**. No human being is deemed perfect, hence no human can be deemed a perfectly fit custodian. Necessarily, therefore, the courts must determine which of two or more available custodians is

> more or less fit than others. *Edwards v. Edwards*, 501
> S.W.2d 283, 290-291 (Tenn. Ct. App. 1973) (emphasis
> supplied).

*Bah*, 668 S.W.2d at 666.

Because the determination of where a child's best interest lies is the result of the consideration of a number of factors in the context of a specific factual situation, *see Adelsperger v. Adelsperger*, 970 S.W.2d 482, 485 (Tenn. Ct. App. 1997), it is particularly fact-driven. *See Rogero v. Pitt*, 759 S.W.2d 109, 112 (Tenn. 1988). Such decisions often hinge on the trial court's assessment of the demeanor and credibility of the parents and other witnesses. *See Adelsperger*, 970 S.W.2d at 485; *Gilliam v. Gilliam*, 776 S.W.2d 81, 84 (Tenn. Ct. App. 1988). Consequently, appellate courts are reluctant to second-guess a trial court's determination regarding custody and visitation. *See Rutherford v. Rutherford*, 971 S.W.2d 955, 956 (Tenn. Ct. App. 1997) (quoting *Gaskill v. Gaskill*, 936 S.W.2d 626 (Tenn. Ct. App. 1996)).

Accordingly, this court will decline to disturb the custody decision of the trial court herein unless that decision is based on a material error of law or the evidence preponderates against it.[2] *Adelsperger*, 970 S.W.2d at 485.

## II.

In the case before us, both parents argued and presented evidence attempting to show that the other was the comparatively less fit custodian. To detail the specific deficiencies and incidents alleged benefits no one, least of all the children. Father's complaints against Mother can be summarized primarily as her failure, in specific instances, to provide the care he thought

---

[2]The same conclusion regarding the standard of review to be applied to a trial court's ruling on custody and visitation is required by Tenn. R. App. P. 13(d) on the basis that a trial court's decision awarding custody is a finding of fact that the best interests of the children are furthered by the arrangement ordered. *See Garner v. Garner*, 773 S.W.2d 245, 246 (Tenn. Ct. App. 1989); *McKeehan v. McKeehan*, No. 02A01-9407-CV-165, 1995 WL 695124 at *2 (Tenn. Ct. App. Nov. 21, 1995, as amended Jan. 11, 1996) (no Tenn. R. App. P. 11 application filed). Our review of such a finding is *de novo* with a presumption of correctness, and, absent an error of law, we will affirm the trial court's finding unless it is against the preponderance of the evidence. See Tenn. R. App. P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984).

was required.  On the other hand, the record reflects incidents of violence by Father against both Mother and the children as well as sexual misconduct involving his stepdaughter.  A therapist testified as to the effects of Father's violence on the older of the two children and her fear of Father.  Similarly, a caseworker testified that Father should not be given custody unless he underwent intensive counseling.

In deciding between these two parties, the court heard testimony from each of them and from family members, as well as the therapist and caseworker.  The evidence showed that each parent was less than perfect. Quite simply, however, these children are afraid of Father.  Their fear is based on incidents of violent behavior they have witnessed and experienced.  The trial court had to choose between the two parents, and the evidence amply supports the award of custody to Mother.

IV.

For the reasons stated above, we affirm the order of the trial court. This case is remanded for such further proceedings as may be necessary. Costs are taxed to appellant.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


_____
WILLIAM C. KOCH, JR., JUDGE

4