# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 6, 2013 Session

## MARYAM MUBASHIR v. MUBASHIR MAHMOOD

**Appeal from the Chancery Court for Hamblen County**
**No. 2006-744     Thomas R. Frierson, II, Chancellor**

---

**No. E2013-00480-COA-R3-CV-FILED-FEBRUARY 19, 2014**

---

This appeal arises from a divorce.  Maryam Mubashir ("Wife") sued Mubashir Mahmood ("Husband") for divorce in the Chancery Court for Hamblen County ("the Trial Court").  The Trial Court granted the divorce.  Husband appeals, raising numerous issues concerning parenting time, arrearages, and alimony.  We modify the judgment of the Trial Court as it pertains to certain arrearages and Husband's parenting time with the parties' children.  Otherwise, we affirm the judgment of the Trial Court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

Douglas R. Beier, Morristown, Tennessee, for the appellant, Mubashir Mahmood.

J. Eric Harrison, Morristown, Tennessee, for the appellee, Maryam Mubashir.

**OPINION**

**Background**

In December 2006, Wife sued Husband, a physician, for divorce in the Trial Court. Wife and Husband had been married since 1997. Their marriage produced three children ("the Children"). The parties divorced in 2009. This divorce case, which has been before us on appeal once before[1], has proven contentious. Years after the divorce and now on appeal for a second time, the issues have changed. To elucidate the background of these issues, we look to the original judgment. In its 2009 order, the Trial Court made the following pertinent findings:

[Wife] has completed her cosmetology course of instruction. She is preparing to obtain the necessary licensing for her employment in this field. Presently, [Wife] is not employed outside the home and therefore, maintains no income. [Husband] continues to be employed by Healthstar Physicians, P.C. in Morristown, Tennessee.

\*\*\*

The Court has considered the guardian *ad litem's* participation in this proceeding to the extent permitted by Tennessee Supreme Court Rule 40A. During the marriage and continuing after the parties' separation, mother, as the primary caregiver for the children, has taken the greater responsibility for performing parental responsibilities. Although both parents maintain loving and emotional ties with the children, the emotional needs and developmental levels of the minors are being primarily provided for by mother.

Both parents appear appropriately disposed to provide the children with food, clothing, medical care, education and other necessary care. Mother's home provides a stable, secure environment for the children. She manifests an ability to instruct and encourage the children in preparing them for a life of service, as well as to compete successfully in society.

---

[1] We heard the appeal of the parties' divorce in the case of *Mahmood v. Mubashir*, No. E2010-00154-COA-R3-CV, 2011 WL 1744125 (Tenn. Ct. App. May 4, 2011), *no appl. perm. appeal filed*. In that opinion, we dismissed the appeal as premature because, among other things, the issue of attorney's fees remained unresolved. *Id*. at \*1.

Since the parties' separation, communication between them has been significantly limited . . . .

\*\*\*

The parties are the owners in fee simple of certain improved, investment real property located at 7942 Sea Pearl Circle, Kissimmee, Florida. The evidence preponderates in favor of a finding that the real property maintains a current tax appraisal value of $407,100.00. The property is encumbered by the liens of mortgage indebtedness with a combined outstanding balance of approximately $482,000.00. Combined taxes and assessments with regard to this investment property total $9,952.21 annually. This Court concludes that there presently exists no equity with regard to this real property. The Court awards to [Husband] this improved real property located at 7942 Sea Pearl Circle, Kissimmee, Florida. [Husband] will be solely responsible for payment as due of all mortgage indebtedness, liens and encumbrances, including, but not limited to, real property taxes and assessments.

\*\*\*

The evidence preponderates in favor of a determination that significant marital debt has accrued during the marriage. The Court finds that total debt in the approximate amount of $3,173,000.00 currently exists. This Court incorporates by reference the specific amounts as identified by Trial Exhibit 50. The Court further determines that the credit card indebtedness owed to Chase Bank, U.S.A. in the approximate amount of $30,000.00 is the sole obligation of [Wife]. Likewise, [Wife] is responsible for payment of certain medical expenses she previously incurred. [Wife] shall be responsible for paying these indebtednesses, holding [Husband] harmless from any liability in connection therewith.

With reference to the previous sale of certain properties, the parties have incurred tax liability to the Internal Revenue Service in the approximate amount of $109,000.00. The parties shall equally share and be responsible for payment of this debt. With regard to all remaining indebtedness as identified on Trial Exhibit 50, the Court directs that [Husband] shall be solely responsible for repayment thereof, holding [Wife] harmless from any liability in connection therewith. In addition, each party shall be responsible for

repayment of any indebtedness which he/she has incurred since the time of the separation.

***

The evidence preponderates in favor of a finding that for wife, rehabilitation is not necessary due to the recent completion of her course of study, but as an economically disadvantaged spouse, she needs assistance to adjust to the economic consequences of this divorce. This Court concludes that wife is entitled to an award of transitional alimony at the rate of $3,000.00 per month for a period of 48 months following the Final Judgment. This award of transitional alimony shall terminate upon any remarriage by wife. The obligation shall continue to be paid through income assignment order.

(Internal footnotes omitted). The Trial Court awarded Wife attorney's fees as alimony in solido but did not set an amount. On appeal, we remanded because of unresolved issues such as the matter of attorney's fees. On remand, additional hearing and procedural moves occurred. Wife moved to Texas with the Children, as well.

In January 2013, the Trial Court entered a new order. The Trial Court made numerous additional findings. As to his parenting time, Husband was awarded the following: fall vacations on even-numbered years; half of the two weeks for Christmas vacation; five weeks in the summer and every spring vacation; and, holiday time, but not weekends connected to the holidays. Husband's parenting time was reduced from 159 to 57 days. The Trial Court approved Wife's relocation to Texas. The Trial Court acknowledged that, based on certain payments made by Husband, a $109,000 IRS debt owed by the parties had been released. The Trial Court, however, did not credit any amount of this payment to Husband's arrearage. Wife's attorney's fees were set at $12,000. The Trial Court failed to address both $10,000 that Husband paid to Wife from the sale of property awarded to Husband and an additional $1,000 Husband paid to Wife. Husband appeals.

**Discussion**

Though not stated exactly as such, Husband raises the following issues on appeal: 1) whether the Trial Court erred in declining to grant Husband parenting time on weekends and certain holiday weekends; 2) whether the Trial Court erred in declining to credit Husband toward his arrearage for $10,000 he paid Wife from the proceeds of the sale of property awarded to Husband as well as an additional $1,000 Husband paid to Wife; 3) whether the Trial Court erred in awarding Wife a judgment of $36,091.36 for pendente lite support from May 22, 2007 to March 25, 2008; 4) whether the Trial Court erred in awarding

Wife a judgment of $33,980.84 for pendente lite support from March 25, 2008 until the entry of final judgment on December 22, 2009; 5) whether the Trial Court erred in declining to give Husband a credit for the amount he paid to the IRS for Wife's share of the parties' tax debt; and, 6) whether the Trial Court erred in awarding attorney's fees to Wife as alimony in solido. For her part, Wife raises the issue of whether the Trial Court should have awarded her all of her requested attorney's fees.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). This appeal involves divorce and parenting-related issues. A trial court has wide discretion in dividing the interest of the parties in marital property. *Barnhill v. Barnhill*, 826 S.W.2d 443, 449 (Tenn. Ct. App. 1991). Trial courts also have broad discretion to determine whether alimony is needed and, if so, the nature, amount, and duration of support. *See Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996).

We first address whether the Trial Court erred in declining to grant Husband parenting time on weekends and certain holiday weekends. Wife was designated Primary Residential Parent of the Children. Under the initial arrangement, Husband received 159 days of parenting time. Wife later moved with the Children to Texas. Husband ultimately received 57 days of parenting time with the Children. On appeal, Husband argues that he should be granted weekends with the Children on an alternating basis. Alternatively, Husband requests parenting time on weekends adjacent to his holiday parenting time. According to Husband, the Children's best interests are not served by the omission of his weekend time or weekends connected to holidays awarded to him.

Our Supreme Court recently stated on the subject of parenting arrangements:

Because decisions regarding parenting arrangements are factually driven and require careful consideration of numerous factors, *Holloway v. Bradley*, 190 Tenn. 565, 230 S.W.2d 1003, 1006 (1950); *Brumit v. Brumit*, 948 S.W.2d 739, 740 (Tenn. Ct. App. 1997), trial judges, who have the opportunity to observe the witnesses and make credibility determinations, are better positioned to evaluate the facts than appellate judges. *Massey–Holt v. Holt*, 255 S.W.3d 603, 607 (Tenn. Ct. App. 2007). Thus, determining the details of parenting plans is "peculiarly within the broad discretion of the trial judge.'" *Suttles v. Suttles*, 748 S.W.2d 427, 429 (Tenn. 1988) (quoting *Edwards v. Edwards*, 501 S.W.2d 283, 291 (Tenn. Ct. App. 1973)). "It is not the function

of appellate courts to tweak a [residential parenting schedule] in the hopes of achieving a more reasonable result than the trial court." *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001). A trial court's decision regarding the details of a residential parenting schedule should not be reversed absent an abuse of discretion. *Id*. "An abuse of discretion occurs when the trial court . . . appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). A trial court abuses its discretion in establishing a residential parenting schedule "only when the trial court's ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Eldridge*, 42 S.W.3d at 88.

*Armbrister v. Armbrister*, 414 S.W.3d 685, 693 (Tenn. 2013).

With respect to relocations, this Court has stated:

The Court is empowered to change the previous plan when a relocation occurs. *See* Tenn. Code Ann. § 36-6-108(b). The modified plan is appropriate to the new circumstances of the parties, and does not significantly alter the original plan such that the father is harmed by the changes. The modified plan further safeguards the father's time with the children, and only changed what was necessary to fit the practicalities of the new living arrangements of the children. We find no error in the Court's implementing the new plan.

*Bell v. Bell*, No. E2004-02964-COA-R3-CV, 2005 WL 2860284, at *6 (Tenn. Ct. App. Oct. 31, 2005), *no appl. perm. appeal filed*.

Mindful of our Supreme Court's directive that we are not to tweak or micro-manage the plans entered by trial courts in these matters, we nevertheless find logic in Husband's request. Specifically, we find that attaching weekends to those adjacent holidays awarded to Husband is a logical common sense accommodation that is in the best interest of the Children. This relatively minor alteration does not undermine the essence of the plan while giving the Children more time with Husband. We remand this case to the Trial Court to modify parenting time so as to give Husband the weekends adjacent to those holidays awarded to Husband.

We next address whether the Trial Court erred in declining to credit Husband toward his arrearage for $10,000 he paid Wife from the proceeds from the sale of property, as well as an additional $1,000 Husband paid to Wife. Wife presents no compelling

argument as to why Husband should not receive credit for the $10,000 paid to Wife from the sale of property awarded to Husband. It seems to us both fair and equitable that Husband receive credit for this payment. We hold that Husband should be credited toward his arrearage and attorney's fees awarded Wife for this $10,000.

Also at issue is an additional $1,000 Husband paid Wife. Wife argues that the $1,000 Husband paid to her was gratuitous and unsolicited. There is a relative lack of evidence with respect to this sum of $1,000, and we see no reason to disturb the Trial Court's implicit decision not to give Husband a credit for the $1,000. We find that the evidence does not preponderate against the Trial Court's declining to credit the $1,000 payment made by Husband to Wife toward Husband's arrearage.

Continuing with Husband's issues, we now address whether the Trial Court erred in awarding Wife a judgment of $36,091.36 for pendente lite support from May 22, 2007 to March 25, 2008. Husband argues that because the Trial Court went on to reduce Husband's prospective obligations, it should have provided retroactive relief as well. We find this argument unavailing. The evidence does not preponderate against the Trial Court's findings relevant to this issue. It was within the sound discretion of the Trial Court to set support as it did, and no rule or law compels the mechanical result sought by Husband. We affirm the Trial Court as to this issue.

We next address the similar issue of whether the Trial Court erred in awarding Wife a judgment of $33,980.84 for pendente lite support from March 25, 2008 until the entry of final judgment on December 22, 2009. Husband again argues that because the Trial Court ultimately reduced his prospective support obligation, the Trial Court erred in failing to provide retroactive relief. Again, we do not agree that where a trial court reduces a prospective support obligation, it axiomatically follows that retroactive relief is required lest there be an abuse of discretion. Husband cites to no authority in favor of such a proposition, and nothing in the record hints at reversible error on this issue. We affirm the Trial Court.

We next address whether the Trial Court erred in declining to give Husband a credit for the amount he paid to the IRS for Wife's equal share of the tax debt. The Trial Court did find that the IRS debt had been released because of payments by Husband. Wife argues that since she had no income at all during the marriage, and, as she allegedly was forced into many financial ventures by Husband, she should not be assigned the debt at all. Alternatively, Wife argues that Husband, at most, should be given credit as a payment towards his arrearages and attorney fees owed Wife.

The Trial Court held that the tax debt was to be shared equally between the parties. The evidence does not preponderate against this assignment of debt. Husband has

since extinguished the tax debt.  As a matter of fundamental fairness and consistent with the Trial Court's assigning this debt equally between the parties, it is appropriate that Husband receive credit toward his arrearage and attorney's fees awarded Wife for the amount he paid for Wife's share of the tax debt.  We remand for the Trial Court to give Husband a credit toward his arrearage and attorney's fees awarded Wife for his payment of Wife's share of the tax debt.

The last issue we address is that of Wife's attorney's fees.  Wife requested $18,247.50 in attorney's fees.  In the end, the Trial Court awarded Wife $12,000.00 in attorney's fees.  Wife argues that she should have been awarded all of her requested attorney's fees.  Husband, on the other hand, argues that Wife will have the ability post-divorce to pay her own attorney's fees and that an award of attorney's fees therefore is inappropriate.

With respect to the award of attorney's fees in divorce cases, our Supreme Court has stated:

> It is well-settled that an award of attorney's fees in a divorce case constitutes alimony in solido.  The decision whether to award attorney's fees is within the sound discretion of the trial court.  As with any alimony award, in deciding whether to award attorney's fees as alimony in solido, the trial court should consider the factors enumerated in Tennessee Code Annotated section 36–5–121(i).  A spouse with adequate property and income is not entitled to an award of alimony to pay attorney's fees and expenses.  Such awards are appropriate only when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses or the spouse would be required to deplete his or her resources in order to pay them.  Thus, where the spouse seeking such an award has demonstrated that he or she is financially unable to procure counsel, and where the other spouse has the ability to pay, the court may properly grant an award of attorney's fees as alimony.

*Gonsewski v. Gonsewski*, 350 S.W.3d 99, 113 (Tenn. 2011) (citations omitted).

Husband's argument against attorney's fees for Wife is based on Wife's "anticipated income, spousal support and child support."  This future-based conjecture is insufficient.  The Trial Court awarded attorney's fees based on the parties' relative circumstances, and this award is reasonable in light of the financial disparities between the parties as reflected in the record on appeal.  Likewise, regarding Wife's arguments, we see no reason to second guess the Trial Court's decision regarding the specific amount of

attorney's fees awarded. We find no reversible error in the Trial Court's award of attorney's fees to Wife. We affirm the Trial Court as to this issue.

## Conclusion

We remand this case for the Trial Court to implement the following: 1) grant Mubashir Mahmood additional parenting time on weekends adjacent to holidays awarded to him; 2) give Mubashir Mahmood credit toward his arrearage and attorney's fees awarded to Maryam Mubashir for the $10,000 he paid Maryam Mubashir from the proceeds from the sale of property awarded to Mubashir Mahmood; and, 3) give Mubashir Mahmood credit toward his arrearage and attorney's fees awarded Maryam Mubashir for Mubashir Mahmood's payment of Maryam Mubashir's equal share of the tax debt. Otherwise, the judgment of the Trial Court is affirmed as so modified. The costs on appeal are assessed one-half against the Appellant, Mubashir Mahmood, and his surety, if any; and, one-half against the Appellee, Maryam Mubashir.

_____
D. MICHAEL SWINEY, JUDGE