# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 5, 2018

## SHAY RYAN DOMING v. KELLY DEANN DOMING

**Appeal from the Chancery Court for Williamson County**
**No. 45217     Deanna B. Johnson, Judge**

_____

### No. M2017-02507-COA-R3-CV

_____

Father appeals the trial court's denial of his motion to alter, amend, or modify parenting plan and award of attorney's fees in favor of Mother.  Because the appellate record contains neither a transcript nor a statement of the evidence required by Rule 24 of the Tennessee Rules of Appellate Procedure, we are not able to review the trial court's substantive holdings.  Therefore, we conclude that there was sufficient evidence to support the trial court's findings.  Based on the plain language of the permanent parenting plan, Mother is awarded her attorney's fees and costs incurred in this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Todd G. Cole and Crystal M. Etue, Brentwood, Tennessee, for the appellant, Shay Ryan Doming.

Deana C. Hood, Franklin, Tennessee, for the appellee, Kelly Deann Doming.

## MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10

Appellant Shay Ryan Doming ("Father") filed a complaint for divorce against Appellee Kelly Deann Doming ("Mother") on May 20, 2016. On August 24, 2016, the parties attended mediation to resolve the division of marital property and parenting issues regarding the parties' two minor children. At mediation, both parties signed a marital dissolution agreement (MDA) and permanent parenting plan (PPP). According to Father, he revoked his consent to the parenting plan on the morning of August 25, 2016. Mother alleges that neither she nor her attorney was notified of Father's revocation of the PPP. On August 25, 2016, the trial court entered a final decree of divorce that incorporated both the MDA and the PPP, which the parties had signed the previous day. Father did not appear in court at this time.

On September 23, 2016, Father filed a motion to alter, amend, or modify the parenting plan. In his motion, Father alleged that he revoked his consent to the PPP before the trial court entered it. On September 23, 2016 Mother filed her response objecting to Father's motion. The trial court responded to Father's motion by setting an evidentiary hearing on October 30, 2017. The trial court entered its order on December 6, 2017. Despite Father's argument that he revoked his consent to the PPP signed at mediation, the trial court adopted the PPP with the exception of four minor changes. The trial court also modified Father's child support obligation from $670.00 to $783.00 per month, and ordered Father to pay $10,000 of Mother's attorney's fees. Father appeals and raises two issues for review, as stated in his brief:

1. Did the trial court abuse its discretion in deciding to award Mother $10,000 in attorney's fees without any contractual or statutory authority for the award, where Appellant prevailed on his verified motion to alter amend or modify the PPP?

2. Did the trial court order an erroneous, mandatory injunction requiring the parties' children to ride the school bus to Appellee's house on Thursdays instead of allowing the parties to determine how their children should be transported after school on Thursdays in violation of public policy?

To the extent our consideration of these issues involves the trial court's factual findings, our review is *de novo* on the record, accompanied by a presumption of the correctness of the trial court's findings of fact, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); **Bogan v. Bogan** 60 S.W.3d 721, 727 (Tenn. 2001). The trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. **Gonsewski v. Gonsewski**, 350 S.W.3d 99, 105-106 (Tenn. 2011); **S. Constructors, Inc. v. Loudon County Bd. of Educ.** 58 S.W.3d 706, 710 (Tenn. 2001).

Decisions regarding parenting arrangements are factually driven and require careful consideration of numerous factors. *Armbrister v. Armbrister*, 414 S.W.3d 685, 693 (Tenn. 2013); *Holloway v. Bradley,* 190 Tenn. 565, 230 S.W.2d 1003, 1006 (1950); *Brumit v. Brumit,* 948 S.W.2d 739, 740 (Tenn. Ct. App. 1997). Accordingly, determining the details of a parenting plan is "peculiarly within the broad discretion of the trial judge," *Armbrister*, 414 S.W.3d at 693 (internal citations omitted), and "[i]t is not the function of appellate courts to tweak a [residential parenting schedule] in the hopes of achieving a more reasonable result than the trial court." *Eldridge v. Eldridge,* 42 S.W.3d 82, 88 (Tenn. 2001). Because our review of a trial court's decision regarding visitation is governed by an abuse of discretion standard, *Lovlace v. Copley*, 418 S.W.3d 1, 16 (Tenn. 2013); *Smallwood v. Mann,* 205 S.W.3d 358, 361 (Tenn. 2006), we will reverse the trial court "only when its ruling falls outside the spectrum of rulings that might reasonably result from an application of the correct legal standards to the evidence found in the record." *Eldridge,* 42 S.W.3d at 88. In determining whether the trial court abused its discretion, an appellate court "should presume that the [trial court's] decision is correct and should review the evidence in the light most favorable to the decision." *Lovlace*, 418 S.W.3d at 16-17 (quoting *Gonsewski*, 350 S.W.3d at 105-06); *see also* Tenn. R. App. P. 13(d)). Thus, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made" or "as long as it falls within a range of acceptable alternatives." *Discover Bank*, 363 S.W.3d at 487; *Eldridge*, 42 S.W.3d at 85; *Salvucci v. Salvucci*, No. W2013-01967-COA-R3-CV, 2014 WL 4201441, at *7 (Tenn. Ct. App. Aug. 26, 2014).

Furthermore, this court's review is limited to the appellate record, and the Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of evidence on the parties, and the appellant has the primary burden to see that a proper record is prepared and filed in this Court. Tenn. R. App. P. 24; *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). If no transcript is available, Tennessee Rule of Appellate Procedure 24 provides:

> If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available ... the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.

Tenn. R. App. P. 24(c). Here, the appellate record contains neither a transcript of the hearing nor a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c). Accordingly, in the absence of any record of the relevant proceedings, this Court cannot make a meaningful review of the issues that rest on the trial court's factual determinations. In other words, as an appellate court, "[w]e evaluate, under prescribed standards of review, what other tribunals or fact finders have done to

determine if there are reversible errors in their rulings. We are prevented from doing so unless the totality of the evidence that led to those factually-driven determinations is laid before us." ***Robbins v. Money***, No. 03A01-9703-CV-00072, 1997 WL 406653, at *3 (Tenn. Ct. App. July 22, 1997). Here, Father argues that the trial court erred in requiring the parties' children to ride the school bus to Mother's house on Thursdays and in awarding Mother attorney's fees in the amount of $10,000. With regard to attorney's fees, the trial court's order states only that,

> [t]he court finds that Father shall pay $10,000 of mother's attorney's fees. And that is based on what the court has heard today. The total is about $18,733. The court is not going to require Father to pay all of mother's attorney's fees, but there was the mediation, there was an agreement, and we did end up having this hearing.

Where, as here, appellate issues turn on factual determinations, the absence of a transcript or statement of the evidence is essentially fatal to the appeal. *See **Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992) (holding that without an appellate record containing the facts, the court must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings); ***Baugh v. Moore***, No. M2013-02224-COA-R3-CV, 2015 WL 832589, at *3 (Tenn. Ct. App. Feb. 25, 2015). "In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." ***Coakley***, 840 S.W.2d at 370 (citing ***McKinney v. Educator and Executive Insurers, Inc.***, 569 S.W.2d 829, 832 (Tenn. App. 1977)); see also ***Sherrod***, 849 S.W.2d at 783; ***Baugh*** 2015 WL 832589, at *3-4.

Having affirmed the trial court's entry of the PPP, we now turn to Mother's motion for an award of attorney's fees accrued in defending this appeal. In ***Eberbach v. Eberbach***, 535 S.W. 3d 467 (Tenn. 2017), the Tennessee Supreme Court held that "the Court of Appeals has no discretion whether to award attorney's fees when the parties have a valid and enforceable . . . agreement which requires an award of reasonable attorney's fees to a prevailing or successful party." ***Id.*** at 478. See also, ***Seals v. Life Inv'rs Ins. Co. of Am.***, No. M2002-01753-COA-R3-CV, 2003 WL 23093844, at *4 (Tenn. Ct. App. Dec. 30, 2003); ***Hosier v. Crye-Leike Commercial, Inc.***, No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *6 (Tenn. Ct. App. July 17, 2001). Here, the PPP provides that

> The parties acknowledge that the signing of this Permanent Parenting Plan shall confer on either party the right to compel enforcement of the terms of this Agreement by Motion to the Court. In the event that, at a future date, it becomes necessary for either party to institute legal proceedings to enforce this Plan or any provision thereof, the successful party shall be entitled to a

judgment for reasonable expenses, including attorneys' fees and court costs incurred in prosecuting the action.

Based on the plain language of the PPP, Mother is awarded her reasonable attorney's fees incurred in this appeal. The case is remanded to the trial court for determination of the reasonable amount of those attorney's fees.

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded for the calculation of the award of Mother's reasonable appellate attorney's fees and for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Shay Ryan Doming and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE