IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 31, 2023 Session

## WILLIAM CRAIG v. MIRANDA MCCABE

**Appeal from the Circuit Court for Knox County
No. 151639   Gregory S. McMillan, Judge**

_____

**No. E2022-01571-COA-R3-CV**

_____

The appeal is dismissed because Appellant's brief fails to comply with Tennessee Rule of Appellate Procedure 27(a)(7)(A) and Tennessee Court of Appeals Rule 6(a). In addition, Appellant failed to provide a written transcript of the relevant proceedings despite our order requiring same.  The absence of a transcript negates our ability to review the trial court's substantive findings, and the failure to comply with the rules of briefing puts this Court in the position of having to create Appellant's arguments, which we decline to do.  Appeal dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

William Robert Craig, Knoxville, Tennessee, appellant, pro se.

Miranda McCabe, Knoxville, Tennessee, appellee, pro se.

### MEMORANDUM OPINION[1]

Appellant William Robert Craig ("Husband") and Appellee Miranda McCabe

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

("Wife") were purportedly married on December 13, 2014. They have one minor child, Sophie, who was born in May 2015. This case began when Wife filed a complaint for divorce on May 27, 2021. Then, on September 9, 2021, Wife filed a motion to deem the marriage void based on the allegation that Husband was still married to his first wife. Husband opposed the motion. The ensuing litigation was contentious and protracted.

As is relevant to this appeal, on August 12, 2022, the trial court entered an order, holding that the parties' marriage was a nullity because Husband was never divorced from his first wife. Meanwhile, Husband filed several motions for civil contempt against Wife, claiming that she failed to comply with the trial court's orders regarding discovery. In those motions, Husband sought to have Wife incarcerated for her contempt. As such, and in view of the fact that Wife was found to be indigent, the trial court appointed an attorney to represent her on the contempt matters. On August 29, 2022 and September 26, 2022, the trial court held a hearing on all pending motions, including Husband's contempt motions, the parenting plan for Sophie, and child support. On October 11, 2022, the trial court entered two orders—one of the orders was amended on July 5, 2023. The trial court designated Wife as Sophie's primary residential parent. The court determined that Husband's monthly income was $2,500.00 and ordered him to pay $321.00 per month in child support. Concerning the contempt motions, the trial court held that Wife was not in contempt because the discovery orders required Husband to provide Wife with "updated discovery requests," and he never did so. The trial court assessed costs ¾ to Husband and ¼ to Wife. Furthermore, the court found Husband's testimony was not credible.

On October 20, 2022, Husband filed a motion seeking the trial judge's recusal. By order of October 28, 2022, the trial court denied Husband's motion, finding that the motion was untimely and also failed to comply with Rule 10B, section 1.01 of the Code of Judicial Conduct. Mr. Craig appeals.

Mr. Craig raises the following issues for review as stated in his brief:

1. Should the Court of Appeals reverse the dismissal of Mr. Craig's motion for civil contempt and court costs assessed to him because the trial court judge abused his discretion when he alleged that the Order of August 29th 2022 was void when it was valid? "A trial court abuses its discretion when it applies an incorrect legal standard. Eldridge v. Eldridge, 42 S.W.3d 82, 85 (Tenn. 2001)." See Tareco Properties v. Morriss, No. M2002-02950-COA-R3-CV, n.20 (Tenn. Ct. App. Nov. 18, 2004).
2. Was it lawful for the trial court judge to assign a court appointed attorney to Miranda McCabe for Mr. Craig's motion for civil contempt? "Upon the appointment of an attorney under this section, no further proceeding shall be had until the attorney so appointed has had sufficient opportunity to prepare the case. If the court should determine that the accused is not an indigent person, the court shall then advise the accused with respect to the accused's

right to counsel and afford the accused an opportunity to acquire counsel." See Tenn. Code Ann § 40-14-102 (a) (2021).

3. Should the Court of Appeals vacate the August 12th 2022 Order because the trial court judge abused his discretion by voiding Mr. Craig's marriage to Miranda McCabe based off the allegations that he was still married to his estranged wife Amy Boring of 1992? "A second marriage cannot be contracted before the dissolution of the first. But the first shall be regarded as dissolved, for this purpose, if either party has been absent five (5) years and is not known to the other to be living." See Tenn. Code Ann § 36-3-102.

4. Should the Court of Appeals vacate and remand for entry of a new Permanent Parenting Plan because the trial court judge abused his discretion by overlooking the facts of Mr. Craig's testimony and evidence, and Madison Heaton's testimony necessary for the determination of the best interests of the child? See Tenn. Code Ann § 36-6-106 and Tenn. R. Civ. P. 52.01.

5. Should the Court of Appeals reverse the child support amount calculated by the trial court judge because he abused his discretion by assigning Mr. Craig an income instead of his actual finances from his income documents provided at trial? See Tennessee Child Support Child Support Guidelines 1240-02-04-.01 (1) (d). [(footnote omitted)].

6. Did the trial court judge arrive at the correct conclusion about Mr. Craig's credibility based off the evidence presented at the August 29th 2022 trial and record as a whole?

7. Should the Court of Appeals reverse the costs and fees assessed to Mr. Craig from the August 29th 2022 Order and October 28th 2022 denying recusal by the trial court judge?

8. Should the Court of Appeals reverse the order denying recusal because the trial court judge abused his discretion multiple times issuing Orders that are biased and which violate Canons 1 and 2 of Judicial Conduct? See In re Destiny C., No. M2021-00533-COA-R3-PT, 12 (Tenn. Ct. App. Jun. 24, 2022) and Dalton v. Dalton, No. E2002-01797-COA-R3-CV, (Tenn. Ct. App. Apr. 17, 2006). (footnotes omitted).

Following this Court's review of the appellate record, on October 20, 2023, we entered an order requiring Mr. Craig to procure transcripts of the trial court hearings in lieu of the twelve DVDs that were included in the record. At oral argument, Mr. Craig indicated his intent not to comply with the foregoing order, and, indeed, on November 22, 2023, the trial court clerk notified this Court that Mr. Craig had not filed the requested transcripts. On December 6, 2023, the time allowed for Mr. Craig's compliance with our order expired. Because many of Mr. Craig's appellate issues rest on the trial court's factual determinations, in the absence of the ordered transcripts, our review of the trial court's ultimate decisions is stymied. *See, e.g., **Holloway v. Bradley***, 230 S.W.2d 1003, 1006 (Tenn. 1950) (explaining that decisions regarding parenting arrangements are factually driven and require careful consideration of numerous factors).

- 3 -

However, notwithstanding Mr. Craig's decision not to provide this Court with transcripts of the relevant trial court proceedings, deficiencies in Mr. Craig's appellate brief preclude our consideration of Mr. Craig's appeal. Before addressing these problems, we first note that, although we are cognizant that Mr. Craig is proceeding pro se, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. University*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

Here, Mr. Craig's brief fails to comport with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee in that it does not include substantive arguments with relevant citations to legal authority. Tennessee Rule of Appellate Procedure 27(a)(7)(A) provides that an appellant's brief *shall contain an argument* setting forth "the contentions of the appellant with respect to the issues presented . . . with citations **to the authorities** and appropriate references to the record . . . ." Tenn. R. App. P. 27(a)(7)(A) (emphasis added). Similarly, the Rules of the Court of Appeals "set forth the format and content of the written argument in regard to each issue on appeal." *Bean v. Bean*, 40 S.W.3d 52, 54 (Tenn. Ct. App. 2000). Specifically, Rule 6(a) provides that the written argument for each issue *shall* contain:

> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous or corrective action is recorded.
>
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
>
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a). Rule 6(b) provides that "[n]o complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of

fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded." Tenn. R. Ct. App. 6(b).

Here, Mr. Craig broadly asserts that the trial court abused its discretion in awarding Wife primary residential custody of Sophie. However, his allegations are largely based on broad generalizations such as:

> Throughout the case, Ms. McCabe acted as a "victim" from imaginary abuse that she allegedly suffered from Mr. Craig. Ms. McCabe's testimonies consisted of false accusations without evidence received with "open arms" by the trial court judge. Ms. McCabe accused Mr. Craig of having a "drinking problem" without evidence and difficult to co-parent. Volume 11, 08/29/22; 0:41:42p; 0:45:12p; 01:17:55p. Despite these false allegations, Mr. Craig followed the co-parenting arrangement and wasn't ordered to have an alcohol assessment by the trial court judge.
>
> Mr. Craig is the true victim of litigation abuse which simultaneously affects Sophie. "Evidence of physical or emotional abuse to the child, to the other parent or to any other person." Tenn. Code Ann § 36-6-106 (a) (11). With everything stripped from him, Mr. Craig has proved to be responsible and fostered a stable relationship with Sophie.

Again, references to the DVDs are not helpful to our review. More problematic, however, is that Mr. Craig's factual citations appear to be an attempt to portray himself as a victim in this case and are not necessarily germane to the question of Sophie's best interest. Furthermore, the legal "authority" Mr. Craig cites in support of his propositions is no more than general caselaw standing for broad legal concepts and is not specific to the instant appeal or helpful to our determination of whether the trial court committed error under existing law. For example, in discussing the parenting plan, Mr. Craig "argues":

> The custody arrangement under local rule 26 did not "permit both parents to enjoy the maximum participation possible" in the life of Sophie consistent with the best interests of the child statutory factors See Tenn. Code Ann § 36-6-106 (a); The new arrangement was a weapon of control by Ms. McCabe that hurt the best interests of Sophie— Sophie's regular schedule with her father was disrupted. The best interests of Sophie were supposed to be served by a parenting arrangement that best maintains her "emotional growth, health and stability, and physical care" See Turk v. Turk, No. M2019-00869-COA-R3-CV, 5 (Tenn. Ct. App. Jun. 24,2020).
>
> Therefore, the trial court judge abused his discretion by assigning Ms. McCabe as the Primary Parent and sole decision maker regarding the best interests of Sophie. Ms. McCabe has shown an

attitude of sabotaging the "strength, nature and stability" of Mr. Craig's relationship with Sophie throughout the case as a whole.

This is merely a skeletal argument, and Mr. Craig's other "arguments" proceed along the same lines. For example, in arguing that the trial court erred in appointing counsel for Wife in the civil contempt matter, Mr. Craig concludes:

> The trial court judge abused his discretion by appointing a court appointed attorney for Ms. McCabe: it was a civil contempt trial scheduled for September 23rd 2022. Mr. Craig petitioned the Court for civil contempt against Ms. McCabe because it is "remedial and coercive in character, designed to compel the contemnor to comply with the court's order" See State v. Newman, No. E2014-02537-COA-R3-CV, 3 (Tenn. Ct. App. Sep. 23, 2015).

***

> The Court of Appeals should vacate the Order dismissing Mr. Craig's motion for civil contempt. The actions of the trial court judge were unlawful and unconstitutional: he appointed Ms. McCabe with a court appointed counsel for civil contempt Court appointed attorneys are for indigent criminal defendants. The Court should also reverse the Order that charged Mr. Craig court costs and fees with this Order.

In the first instance, the quote that Mr. Craig cites from *Newman* is actually a quote cited by the *Newman* Court. The quote originally appeared in the Tennessee Supreme Court *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996), which is cited in the *Newman* case. Furthermore, the full quote, in context, provides that "[i]f imprisonment is ordered in a civil contempt case, it is remedial and coercive in character, designed to compel the contemnor to comply with the court's order." *Id.* at *2. This is merely a general point of law, but it does not stand for the proposition that counsel should not be appointed to Ms. McCabe. While we take no position on that question, Mr. Craig's brief wholly fails to cite caselaw that would support his conclusion that the trial court's actions were "unlawful and unconstitutional."

Likewise, Mr. Craig's "argument" concerning the trial court's order declaring the marriage to be void provides, in its entirety:

> Ms. McCabe confessed to a secret plot of marrying Mr. Craig for his financial resources Volume 11 11/12/21, 0:21:03p. When Ms. McCabe filed for divorce, she stated the grounds as "irreconcilable differences" Volume 1 Page 3. She never stated that the marriage was "fake" or "void" Volume 11, 11/12/210:26:11p; 0:26:43p.

Ms. McCabe failed to amend her divorce complaint when she filed motions to void her marriage. When the trial court judge entered the restraining order on June 24th 2021, he assisted Ms. McCabe's plan to accrue Mr. Craig's financial resources that he worked hard for Volume 1 Page 14. The actions of the trial court judge violated Tennessee's domestic relations law regarding division of marital assets See Givens v. Givens, No. E2016-00865-COA-R3-CV, 9 (Tenn. Ct. App. Sep. 29, 2017).

Ms. McCabe testified five times that she married Mr. Craig because "she was pregnant" and "needed resources." See Volume 11, 11/12/21 0:21:03p. There was no evidence provided to the Court by Ms. McCabe that showed Mr. Craig agreed to have a "fake marriage" as she testified Volume 11, 11/12/21 0:06:23p; 0:06:40p; 0:07:50p; 0:08:08p; 0:18:35p; 0:18:52p and Volume 11, 08/29/22 1:01:00p; 0:03:52p and Volume 11, 07/22/22 0:33:04p. To the contrary, Mr. Craig took his marriage seriously because of Sophie: his first child Volume 11, 08/29/22 0:14:27p.

The trial court judge erred when he ruled that Mr. Craig wasn't credible. Mr. Craig always presented consistent testimony regarding the validity of the marriage with Ms. McCabe Volume 11, 11/12/21 0:26:43p; 0:28:07p. At first, the trial court judge ruled in Mr. Craig's favor in his February 4th 2022 Order Volume 3 Page 330 and applied Gamble v. Ruker, 124 Tenn. 415 (April 1911) Tenn. Sup. Ct correctly.

The trial court judge later reversed his Order after the July 22nd 2022 trial where Ms. McCabe presented "proof" of no divorce decree between Mr. Craig and Amy Boring. Mr. Craig cited Tenn. Code Ann § 36-3-102 that established his marriage to Amy Boring as dissolved under the law without a divorce decree. See Volume 11, 7/22/22 0:18:18p; 0; 22:27p.

Ms. Boring left Mr. Craig shortly after their marriage in April 1992 for Nebraska where she married Robert Wells in October 1998; Mr. Craig also married Rasheedah Bisa Shabazz Shaboz in July 1998 a few months prior. Evidence showed that Mr. Craig and Amy Boring never communicated with each other by their separate marriages. See Volume 11, 7/22/22 0:10:52p; 0:10:56p; 0:11:05p; and Volume 12 Exhibit 1; Volume 14 Exhibit 1; Volume 14 Exhibit 3 and Exhibit 4.

The Court of Appeals should vacate the August 12th 2022 Order that voided the marriage between Mr. Craig and Ms. McCabe. The trial court judge abused his discretion when he relied on Ms. McCabe's erroneous evidence and testimony at the July 2nd 2022 trial.

Mr. Craig provides no authority to support his allegation that his first marriage was "dissolved under the law without a divorce decree." He cites no authority as to how or why Ms. McCabe's pleadings and/or testimony effect the legitimacy of the marriage as a matter of law. As such, his brief fails to comply with the Tennessee Rule of Appellate Procedure 27(a)(7)(A) mandate that it "shall contain an argument setting forth "the

contentions of the appellant. . . with citations **to the authorities** . . . ." Tenn. R. App. P. 27(a)(7)(A) (emphasis added).

Concerning his issue regarding recusal, Mr. Craig's "argument" provides, in part:

> Although the trial court judge alleged that Mr. Craig's motion to recuse was "defective on its face" and "failed to comply with the requirements of Rule 10B," the trial court judge failed to satisfy the Rule 10B requirements. See In re Adison P., No. W2015-00393-COA-T10B-CV, 2015 WL 1869456, at *8 (Tenn. Ct. App. Apr. 21, 2015) (Gibson, J., dissenting). The trial court judge shown in the video transcript dismissed Mr. Craig's outstanding motions set for trial on October 28th 2022 before ruling on his recusal motion Volume 11, 10/28/22 0:15:17p. There is no Section 1.01 of the Code of Judicial Conduct as stated in the Order denying recusal Volume 10 Page 1229. Mr. Craig failed to understand why his motion was "defective on its face" based off the "Code of Judicial Conduct" not "Rule 10B of the Tennessee Supreme Court."
>
> This Court should reverse the Order denying recusal with fees assessed to Mr. Craig. The trial court judge ruled on Mr. Craig's other outstanding motions before his recusal motion: "Upon the filing of the motion for recusal," pursuant to the clear and mandatory language of Section 1.02 of Tennessee Supreme Court Rule 10B, the trial court should have "ma[d]e no further orders and take[n] no further action on the case until the recusal issue was addressed." Rodgers, 2015 WL 636740, at *4 (quoting Tenn. Sup. Ct. R. 10B § 1.02), See In re Tapp, No. W2021-00718-COA-R3-CV, 17 (Tenn. Ct. App. Feb. 13, 2023).

Mr. Craig fails to explain how Judge Gibson's dissent in ***In re Adison P.*** supports his general statement that the trial judge "failed to satisfy the Rule 10B requirements." Furthermore, his brief omits information as to how the "alleged error was seasonably called to the attention of the trial judge with citation to that part of the record. . . ." As such, his brief fails to comport with the requirements of Tennessee Court of Appeals Rules 6(a)(1) and (2).

The foregoing examples from Mr. Craig's brief are not appellate arguments. They are a series of allegations without foundation and case citations without relevance. The Tennessee Supreme Court has stated that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and *where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument*, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) (emphasis added); *see also* ***Forbess v. Forbess***, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("This [C]ourt has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief

constitute a waiver on appeal."). Here, Mr. Craig spends most of his brief attempting to relitigate the case and, at best, constructs only skeletal arguments as to how, specifically, the trial court erred under existing law.

In short, the above "arguments" are woefully deficient in meeting the requirements of Tennessee Rule of Appellate Procedure 27(a)(7)(A) and Rule 6 of the Rules of the Court of Appeals of Tennessee. In the absence of any cogent argument, this Court is placed in the position of having to make Appellant's arguments for him; this we cannot do. As noted above, it is not our role to research or construct litigants' arguments for them. *See Sneed*, 301 S.W.3d at 615. "[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the [party] did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781 (Tenn. 1928)). Indeed, "[w]hen a party fails to comply with [Tennessee Rule of Appellate Procedure 27], this Court has the authority to dismiss the appeal." *Riebsame v. Schemel*, No. E2018-01798-COA-R3-CV, 2019 WL 4667586, at *4 (Tenn. Ct. App. Sept. 24, 2019) (citing *Bean*, 40 S.W.3d at 54-55; *Watt v. Watt*, No. M2014-02565-COA-R3-CV, 2016 WL 1730659, at *4 (Tenn. Ct. App. Apr. 27, 2016)). Appellant's failure to: (1) provide substantive legal authority; (2) provide the ordered written transcript of the relevant proceedings; or (3) make any cogent argument concerning any of the issues he raises precludes our review and results in a waiver of the issues and dismissal of the appeal. *See Sneed*, 301 S.W.3d at 615; *Riebsame*, 2019 WL 4667586, at *4.

Before concluding, we note that, during the pendency of this appeal, Mr. Craig has filed numerous motions. As of now, three of his motions are pending. These include: (1) "Motion for Reimbursement of Costs Due to Procedural Misconduct by the Trial Court Clerk"; (2) "Notice Requesting Judicial Opinion Based on Record Pursuant to T.R.A.P. Rule 24(A)"; and (3) "Motion for Clarification and to Ensure Inclusion of the Denial of a Motion to Recuse in the T.R.A.P. Rule 3 Appeal." We have reviewed each of the motions and conclude that none of them are well taken. As such, all pending motions are denied.

For the foregoing reasons, the appeal is dismissed, and all pending motions are denied. Costs of the appeal are assessed to Appellant, William Robert Craig, for all of which execution may issue if necessary.

                           s/ Kenny Armstrong
                           KENNY ARMSTRONG, JUDGE